CASE 70—FORCIBLE DETAINER—OCTOBER 2.

# Oneal vs. Orr.

APPEAL FROM BRACKEN CIRCUIT COURT.

1. In a proceeding by a landlord against his tenant for a forcible detainer, it appeared that the tenant had made certain improvements and repairs, in consideration of which the landlord had promised and assured him that he should have the premises so long as he paid a stipulated annual rent. *Held*—That the landlord could not evict the tenant without accounting for the improvements.

2. Although an instruction is given as asked, yet if it is erroneous or misleading, to the prejudice of the party asking it, and he at any time before the trial is concluded asks an explanatory instruction, correctly expounding the law of the case, it should be given.

STEVENSON & MYERS,
E. C. PHISTER,
THOS. J. THROOP, and
W. C. & T. F. MARSHALL,                    For Appellant,
                    CITED—
    4 *Bibb*, 355 ; *Rogers vs. Turley*.
    3 *J. J. Mar.*, 168 ; *Wheatley vs. Price*.
    4 *J. J. Mar.*, 230 ; *Gudgell vs. Duvall*.

*Revised Statutes, sec. 4, art. 1, chap. 56.*
*Civil Code, sec. 500.*
*2 Bush,* 177 ; *Shepherd vs. Thompson.*

MENZIES & FURBER and
JAMES HARLAN,            .                        For Appellee,

CITED—

*4 Bibb,* 355 ; *3 J. J. Mar.,* 168 ; *4 J. J. Mar.,* 230.

·JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This is an appeal from a judgment rendered on the trial of an inquisition of forcible detainer, found in a proceeding against the appellant for the recovery of the possession of a house and lot in the town of Augusta, which he appears to have occupied as the appellee's tenant, and kept as a tavern since about the 1st of August, 1859. Although the evidence conduces to the conclusion, that, by an agreement between the parties, the appellant was to pay an annual rent of one hundred and sixty dollars, in installments of forty dollars each, the evidence tends also to prove that he made valuable improvements and repairs on the property, in consideration of which the appellee promised and assured him that he might keep the property as long as he should pay said stipulated rent; and if such was the contract of the parties, the appellee could not recover the possession by a warrant of forcible detainer, without accounting for the improvements. For although they constituted no part of the rent stipulated to be paid, and did not, therefore, entitle the appellant to retain the possession in consideration of the payment of rent in advance, the agreement made in consideration thereof, though not such as could be enforced by suit, because it was not in writing, was, nevertheless, not void, and constituted an available defense to the proceeding to evict

the appellant; as the appellee should not be allowed to take advantage of the statute of frauds to avoid the contract, which induced the appellant to make the improvements, without first accounting for them.

The court, seeming to entertain this view of the law, gave to the jury an instruction, as asked by the traverser, by which the jury were authorized to find for him, if they believed from the evidence that, by the contract, he was to have the possession as long as he paid the stipulated rent, in consideration of repairs; and they further believed that, on the faith of this 'agreement, he had " expended a large amount—five hundred dollars—in repairs," more than the rent then due, which had not been repaid.   But, as appears from the record, before the trial was concluded the appellant's counsel, in explanation of said instruction, asked the court to further instruct the jury " that it was not necessary that they should prove five hundred dollars was the exact sum expended; but that if traverser had put large and valuable improvements on the building, that was sufficient."   This explanatory instruction was refused by the court, and we think erroneously.  Without it the law of the case was not correctly and fully expounded to the jury, and the instruction given for the appellant was calculated to mislead the jury and restrict them from finding for him, if the value of the improvements did not exceed the rent then owing at least five hundred dollars; and although it seems to have been improvidently asked by the counsel for the 'appellant, the error should have been corrected when the court was subsequently asked to do so.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.