## Hickman v. Fordyce.

(Decided March 12, 1918.)

## Appeal from Campbell Circuit Court.

1. Forcible Entry and Detainer—Landlord and Tenant—Writ of May Run in Name of Agent or Owner.—Where a contract of renting is made with an agent of the owner of the premises, the agent may in his own name maintain a writ of forcible detainer against the tenant, or the writ may run in the name of the owner of the premises.

2. Forcible Entry and Detainer—Landlord and Tenant—Ejection of Tenant Who Fails to Make Improvements or to Labor for His Landlord.—Under section 2327, of the Kentucky Statutes, providing that a tenant who holds premises by virtue of a contract in which he agrees to labor for his landlord and fails to do so may be ejected, a tenant who refuses to make improvements that he agreed to make may be ousted by a writ of forcible detainer.

3. Forcible Entry and Detainer—Variance Between Writ and Judgment.—Only a general description of premises is necessary, and where the property rented was known as the "Blue Grass Inn," there was no material variance between a writ setting forth that the tenant detained a building known as the "Blue Grass Inn" and a judgment putting the landlord in possession of "premises known as the Blue Grass Inn, containing about thirteen acres."

JOHN T. HODGE for appellant.

BRENT SPENCE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In the spring or early summer of 1916, Thomas N. Fordyce leased to G. A. Hickman for a term of one year, or until the spring or early summer of 1917—there being dispute as to the length of the term—some property in Campbell county, Kentucky, known as the "Blue Grass Inn." In consideration for the use of the premises Hickman agreed to make some improvements on the principal building located on the property.

In January, 1917, Fordyce, upon the theory that Hickman had not made the improvements he agreed to make under the contract, which, by the way, was not reduced to writing, served a written notice on Hickman to surrender possession of the premises within thirty days from and after the execution of the notice. This

notice was signed by Thomas N. Fordyce, agent for
M. B. Mills.

Within a month after this notice had been served on
Hickman a writ of forcible detainer was issued by a
justice of the peace of Campbell county reciting that:
"Whereas, T. N. Fordyce, agent for M. B. Mills, has
made complaint to me, a justice of the peace for said
county, that one A. G. Hickman did on the 16th day of
February forcibly detain from the said complainant
(property) situated about one mile south of Newport
in the town of Southgate, and consisting of a stone
building known as the Blue Grass Inn, which the said
A. G. Hickman, tenant of the said complainant, now
holds against him. You are therefore commanded to
give the said A. G. Hickman at least three days' notice
that I will as justice of the peace . . . . inquire
into the forcible detainer aforesaid. . . ."

On a trial of this proceeding in the country there was
a finding of guilty followed by a judgment of conviction,
which was traversed by Hickman, and in the circuit
court Hickman entered special and general demurrers
to the writ, which were overruled. Thereupon there
was a trial and another verdict of guilty, followed by a
judgment reciting that "It is adjudged that the traver-
sor, G. A. Hickman, is guilty of forcible detainer as
charged, and that the traversee, Thomas N. Fordyce,
recover of G. A. Hickman, and be given possession and
restitution of the premises known as the Blue Grass Inn,
containing about thirteen acres, located at Southgate,
Campbell county, Kentucky, and about one mile south
of the city of Newport."

From the judgment Hickman prosecutes this appeal.

It is urged on our attention that the special demurrer
which raised the question as to the right of Fordyce to
prosecute the writ should have been sustained upon the
ground that the proceeding should have been instituted
and prosecuted in the name of Mills and not Fordyce.
Another ground of reversal is that the evidence was
not sufficient to sustain the judgment, and yet another
is that the judgment put Fordyce in possession of prem-
ises not described in the writ.

The contract of renting was made between Fordyce
and Hickman, and from the evidence of the parties to
this suit and other witnesses who were present, it
would appear that Fordyce, at the time the contract

was made, was the owner of the property, because the name of Mills, who it seems to be now conceded was, in fact, the owner, was not mentioned between the parties at that time. Therefore, Fordyce had the right to maintain in his own name a writ of forcible detainer for two reasons: In the first place, the tenant cannot deny that the person from whom he rented, and who put him in possession of the premises, was not his landlord, with the right to the remedies to which landlords are entitled; and, in the second place, although Fordyce in renting this property was, in fact, acting as the agent of Mills, yet as the contract was made by and with Fordyce in his own name, he could prosecute the writ under section 21 of the code providing, in part, that "a person with whom or in whose name a contract is made for the benefit of another . . . . may bring an action without joining with him the name of the person for whose benefit it is prosecuted," as this section is broad enough to include forcible entry and detainer proceedings. The writ could also have been prosecuted in the name of Mills, the real owner of the rented premises.

As to whether the evidence was sufficient to sustain the finding of guilty, little need be said, because the evidence for Fordyce, although sharply contradicted, was sufficient to authorize the jury to find that the contract was as he stated it, and that Hickman had broken his contract by failing and refusing to make the improvements that he agreed to make and within the time that he agreed to make them, as compensation for the use of the premises; and this being so, the applicable law was well stated by the trial judge in an instruction telling the jury that if they believed from the evidence "that the defendant was let into the tenancy of the property described in the proof upon condition that he make certain repairs or improvements, or do certain work upon the premises, and further believe that he failed to perform this undertaking substantially as agreed upon, then they will find for the plaintiff the possession of the premises in controversy."

This instruction was authorized under section 2327 of the Kentucky Statutes providing that: "When a tenant enters or holds premises by virtue of a contract, in which it is stipulated that he is to labor for his landlord and he fails to begin such labor, or if, having begun, without good cause fails to comply with his contract, his

right to the premises shall at once cease, and he shall abandon them without demand or notice.''

This statute, intended for the protection of landlords, should be so liberally construed as to embrace all contracts of tenancy in which the tenant agrees, in consideration of the use and possession of the premises, to labor for his landlord by making improvements on the rented premises, or in any other manner. The services that the tenant agrees to perform take the place of the rent which he might have contracted to pay at a stipulated time; and the failure to perform the services or labor he agrees to perform, or the failure to do the things he agrees to do, will have the same effect as if he had failed to pay according to the terms of the contract the money rent he agreed to pay. Accordingly, when the tenant has failed and refused to perform the labor or services he agreed to perform, or to do the things he agreed to do, and within the time agreed upon, the landlord is entitled to repossess himself of the premises under a writ of forcible detainer.

As to the variance between the description of the premises in the writ and in the judgment, it is immaterial. Only a general description of the premises is necessary in writs of forcible entry and detainer, and this property, although it embraced as recited in the judgment some thirteen acres of land, was known and recognized by landlord and tenant as the ''Blue Grass Inn.'' In other words, the words ''Blue Grass Inn'' included not only the building but the lands connected therewith, and if the judgment had only given to Fordyce possession of the premises known as the ''Blue Grass Inn,'' this description would have included the tract of land containing about thirteen acres on which the building was located, all of which was known as the ''Blue Grass Inn.''

Wherefore, the judgment is affirmed.