## Providence Mining Company v. Glass Brothers Coal Company, et al.

(Decided March 15, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Bills and Notes—Presentment and Demand—Failure to Prove—Effect on Indorsers.—In a suit against the indorsers of a note which does not fall within any of the exceptions to the rule requiring presentment and demand in order to charge the indorsers, and the time of payment of which had been extended by agreement of the parties, a failure to prove proper presentment and demand at the end of the extension is fatal to a recovery against the indorsers where there is neither pleading nor proof of a waiver of presentment and demand.

R. W. COLE and GEORGE A. CHRISMAN for appellant.

WALTER LAPP for appellees

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On August 18, 1915, Schwind Bros. Coal Company, a corporation, executed and delivered to Glass Bros. Coal Company, another corporation, its promisory note for $500.45, bearing 6 per cent. interest and payable sixty days after date at the Southern National Bank, Louisville, Ky. Before maturity the note was indorsed by the Glass Bros. Coal Company by its secretary, C. D. Glass, and by C. D. Glass individually, and delivered to the Providence Mining Company, another corporation, in payment for coal furnished by the latter company to the Glass Bros. Coal Company.

This suit was brought by the Providence Mining Company against Schwind Bros. Coal Company, Glass Bros. Coal Company, and C. D. Glass, to recover on the note. A default judgment was taken against Schwind Bros. Coal Company. At the conclusion of plaintiff's evidence, the court directed a verdict in favor of the Glass Bros. Coal Company and C. D. Glass. Judgment was entered accordingly, and plaintiff appeals.

It was alleged in the petition that when the note became due on October 18, 1915, plaintiff demanded payment of the Schwind Bros. Coal Company and also of Glass Bros. Coal Company and C. D. Glass individually, and that payment was refused by both the maker and endorsers, who requested an extension of the note for thirty days, at which time they agreed and promised to pay plaintiff the full amount thereof. It was also alleged that on November 19, 1915, plaintiff again demanded payment of the maker and endorsers, who refused payment and requested an extension of the note to December 3, 1915, at which time the maker and endorsers agreed and promised to pay said note, and that at the special instance and request of the endorsers, plaintiff accepted from the maker, payment of interest to December 3, 1915, and granted said extension. It was further alleged that when the note became due on December 3, 1915, demand for payment was made upon the maker, Schwind Bros. Coal Company, and the same was refused, whereupon the following day plaintiff gave written notice to Glass Bros. Coal Company and C. D. Glass individually, the indorsers of the note, that the note had not been paid and had been dishonored by the maker.

According to the evidence of Percy D. Berry, plaintiff's secretary and treasurer, he came to Louisville on October 18, 1915, with the note in question. He did not present it for payment at the Southern National Bank but made demand on Ernest E. Schwind, president of the Schwind Bros. Coal Company, who informed him that he was under the impression that the note was not due until thirty days later and that he had no funds in the bank to meet the note. C. D. Glass was present at the time. After demanding payment of Schwind, Berry turned to Glass and demanded payment. Glass requested further time, saying that perhaps Schwind would pay the note or that they would get it up one way or another. Berry then told them that he wanted his money and was

going to sue them. Later on in the day he again saw
Glass, who told him that he would have to pay the note
as he had indorsed it, but that he hated to be sued; that
he was anxious to have Schwind pay the money, and if
Berry would hold the note for thirty days, he was satis-
fied he would pay part of it if not all of it. Glass then
agreed that if Berry would hold the note for thirty days
he would guarantee the payment of $100.00 on the note
at the end of that time. To this arrangement Berry as-
sented. Subsequently Berry came to Louisville on No-
vember 18th. He went to Schwind's office but Schwind
wasn't there. He got into communication with Glass, who
wanted to hold a conference with Schwind to see what
Schwind would do. The next day they met and dis-
cussed the matter. At that time Glass and Schwind re-
quested an extension of fifteen days with the understand-
ing that Schwind was to pay the interest up to Decem-
ber 3rd, and Glass would use all efforts to get at least
$100.00 in money by that time. The interest was then
paid, and on December 3rd, Berry again came to Louis-
ville. While he says he went out to see Schwind for the
purpose of making demand, this statement was inter-
rupted by an objection and he never testified that he
made any demand on the Schwind Bros. Company, or
presented the note for payment at the bank. He did
say, however, that on the next day he gave written notice
of the dishonor of the note to the indorsers, Glass Bros.
Coal Company and C. D. Glass individually.

In our view of the case, we deem it unnecessary to
determine whether the two requests of the indorsers for
an extension of the note coupled with their promise to pay
a portion thereof, made at the maturity of the note and
also at the end of the first extension, constituted an im-
plied waiver of proper presentment and notice of dis-
honor at those times. It is clear from plaintiff's evi-
dence that the time of payment was extended to December
3, 1915. There is neither pleading nor proof of any
waiver of proper presentment at that time. On the con-
trary plaintiff pleaded that presentment and demand
were made on the maker on that day and that notice of
dishonor was given to the indorsers on the following day.
It does not appear that the note falls within any of the
exceptions to the rule requiring presentment in order to
charge the indorsers. In the absence of such a showing
presentment was necessary. Whether presentment to the

maker would have been sufficient under the facts of this case, it is also unnecessary to decide. Plaintiff did not prove presentment either to the maker or at the bank. That being true, plaintiff failed to prove a fact necessary to charge the indorsers, and the trial court did not err in directing a verdict in their favor.

Judgment affirmed.