## Lemaster v. Lemaster.

(Decided September 17, 1920.)

### Appeal from Johnson Circuit Court.

1. Forcible Entry and Detainer—Vendor May Maintain Proceeding.— In the sale of real property conditioned upon the ability of the vendor to deliver possession he is authorized to maintain a forcible detainer proceeding in his own name.

2. Forcible Entry and Detainer—Vendor May Maintain Proceeding.— Owner may maintain forcible detainer proceeding, notwithstanding tenant claims to have put improvements on the property under an agreement to sell, where the evidence fails to show any such

agreement and where the tenant fails to prove he expended any money.

HOWES & HOWES for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This is a forcible detainer proceeding instituted by appellee as plaintiff in the Paintsville police court, in which court a judgment of restitution was entered in his favor. The findings of the police court were traversed and upon trial in the circuit court the judgment of the jury favored plaintiff and this appeal resulted.

The parties are brothers. Plaintiff purchased the land involved some time prior to 1890; shortly thereafter defendant moved upon the property under an agreement with his brother. No fixed rent was ever paid, but in 1917 or 1918 the brothers had a conversation about the land. Plaintiff says his brother wanted to buy the land but was unable to pay for it, so he agreed to let him have it until he could make a crop and he was to pay a rental of sixty dollars for same, but this was never paid.

February 13, 1918, defendant was notified to vacate the premises at the expiration of nine months from that date; failing so to do the present proceeding was instituted.

In April, 1918, plaintiff conveyed the property to his nephew, H. B. Lemaster, for a consideration of $2,500.00, agreeing to deliver possession of the property. The deed was not introduced in evidence. It is argued the court erred in overruling a motion to quash the writ because at the time it was issued plaintiff was not the owner of the property.

It was a part of the consideration for the conveyance to his nephew that possession would be given him; therefore, the defendant had to be dispossessed. The deed had not been recorded, nor had the purchaser been put in possession. Since the sale to the nephew was condiitoned upon the delivery of possession, plaintiff was authorized to institute the proceeding. Furthermore, had title passed, he could, as agent, have taken the same course. In Hickman v. Fordyce, 179 Ky. 737, 201 S. W. 307, a forcible detainer proceeding instituted by appellee was sustained though at the time the contract of renting was entered into the property was owned by one Mills, the lease was in appellee's name. The right to maintain

the action was upheld upon two grounds, one being that a tenant cannot deny that the person from whom he rented and who put him in possession of the premises was not his landlord with the right to the remedies to which landlords are entitled.

The point is made that defendant being in possession under an agreement to purchase he could not be dispossessed by a forcible detainer until his account for improvements had been adjusted. The evidence fails to convince us there was an agreement to sell to defendant. Plaintiff denies such an agreement. Defendant testifies he told his brother he would like to buy the place as soon as he could save the money, and plaintiff said he could have it; this was about the time their father died, or about 1905, but this trade was never consummated. Defendant says he made improvements thinking he was going to buy the land; that when he spoke to his brother in 1918 about buying the farm he understood plaintiff agreed to let him have the place and that the sixty dollars represented the interest for one year on the valuation of $1,000.00. This is denied by plaintiff, who says the sixty dollar item was for rent not interest.

On the question of improvements the evidence likewise supports plaintiff. While defendant says he put all the improvements on the farm, such as barns, orchard, etc., he admits that the lumber came off the place and that plaintiff furnished the money for the material, such as doors, windows, hardware, and the like, besides paying the bill of the saw mill, and though plaintiff requested him to render a statement of any account or claim he had, he never did so, nor did he on the trial produce such, or show wherein he had expended one cent on the place. Furthermore there is no claim for improvements, nor any reference thereto found in the tendered answer. Defendant does not bring himself under the cases holding that where one makes improvements on property, under a verbal contract for use of the premises, in case of eviction before the expiration of the term the landlord must account for the value of the improvements. Reed v. Lauder, 5 Bush 21; Oneal v. Orr, 5 Bush 649; Dedman v. Nally, 14 Rep. 230. At most it would seem that defendant occupied the premises, practically rent free for many years, anticipating that the day might come when he could purchase it, but not until he was advised that plaintiff had sold to another did he make any effort to comply with what he terms an agreement to purchase.

The court did not err in refusing to direct a verdict in plaintiff's favor.

In the points and authorities on defendant's brief reference is made to error in the instructions. While the point is not briefed we have examined the instructions but find therein no cause for complaint.

The judgment is affirmed.