# Demunbrun v. Kentucky Nat. Park Commission.

April 25, 1939.

V. R. LOGAN for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

At the 1930 session of the General Assembly of Kentucky (Acts, 1930, Chap. 121), the Kentucky National Park Commission was created. It was authorized and vested with power, among other things, to contract with, and receive, acquire, take, preserve, hold, manage,

barter, sell and convey land, caves, cave rights, leasehold interest, money, and other property deemed necessary by it for use and purposes therein provided. See, Baldwin's 1936 Edition, Kentucky Statutes, Section 3766e-1, et seq.

In virtue of authority vested in the Kentucky National Park Commission (hereinafter called the Commission), it purchased several thousand acres of land in the Mammoth Cave region of Kentucky, including a parcel of land owned by appellant, the possession of which constitutes the subject matter of this appeal. The deed from appellant to the Commission provides, *inter alia*, as follows:

"It is understood and agreed between the parties hereto, as part of the consideration for this deed, the party of the first part shall have the sole and exclusive right to operate the store house and telephone and telephone exchange and outbuildings as now operated by him on the Mammoth Cave Estate until such time as the property shall be turned over to the National Government for park purposes.

"Also, the party of the first part shall have the right to operate and live upon the land first hereinabove described from year to year, at the pleasure of the party of the second part, until January 1, 1933, unless the property shall be turned over to the United States Government prior to that time. * * * "

Thereafter the Commission transferred by deed of conveyance to the United States Government all the lands it had acquired, including the land purchased of appellant, for the purposes of establishing a national park, and later demanded of appellant possession of the land he conveyed to it, and upon his refusal to surrender possession, in March, 1936, the Commission procured from the county judge of Edmonson county a writ of forcible detainer against appellant. Appellant, defendant in the writ, filed special demurrer to the writ insisting that the court had not jurisdiction of the action, which demurrer was sustained and a trial of the case resulted in a judgment finding for appellant. The commission traversed to the circuit court of Edmonson county where the action was tried de novo and resulted in a judgment of guilty of forcible detainer, and from that judgment appellant has prosecuted this appeal.

The original writ was obtained in the name of the Commission but later by amended petition it was alleged in substance that the Commission was acting for and in behalf of the National Government, United States of America, and is prosecuting the action for and in behalf of the National Government and for its use and benefit.

Appellant insists that the Commission has no right to prosecute the action because it had parted with title to the property and therefore the relation of landlord and tenant does not exist as between appellant and the commission. In brief of appellant it is said:

"We do not doubt the legality or the propriety of the Kentucky National Park Commission to act as the agent of the United States of America, but in order to do so, we do insist that the proceedings should have been in the name of the person who had the title to the property at the time, that is, the commencement of the action."

Various questions of practice and procedure are raised and discussed in brief of respective counsel, but the only question involved going to the real merits of the case is whether or not the Commission has the right to prosecute the action in behalf of its grantee, United States Government, after it, the Commission, had parted with title to the property, and upon this question alone appellant rests his case.

The purpose of the act creating the Kentucky National Park Commission was for the purpose of enabling the Commonwealth of Kentucky to acquire lands and other properties mentioned in the act for the purpose of establishing a National Park and it is evident from the language of the statute and the deed from appellant to the Commission, that the property in question was purchased with the view and for the purpose of turning it over to the National Government for park purposes. The paragraph of the deed we have quoted above makes it manifest that appellant was to have the use and possession of the property only until such a time the property shall be turned over to the National Government for the purpose intended. This provision of the deed alone is sufficient to make known to appellant the fact that the Commission was purchasing the property for the National Government for park purposes and it specifically provided that his tenancy or right of possession

terminated when the property was conveyed to the National Government.

In Lemaster v. Lemaster, 188 Ky. 829, 224 S. W. 466, the owner of the property conveyed it while it was in the possession of a tenant. The grantor demanded possession of the property which the tenant refused, whereupon the grantor instituted forcible detainer proceedings in his name, although he had parted with title to the property. It was argued that the court erred in overruling the motion to quash the writ because at the time it was issued plaintiff was not the owner of the property. In disposing of that question the court said:

"It was a part of the consideration for the conveyance to his nephew that possession would be given him; therefore the defendant had to be dispossessed. The deed had not been recorded, nor had the purchaser been put in possession. Since the sale to the nephew was conditioned upon the delivery of possession, plaintiff was authorized to institute the proceeding. Furthermore, had title passed, he could, as agent, have taken the same course. In Hickman v. Fordyce, 179 Ky. 737 [739], 201 S. W. 307, a forcible detainer proceeding instituted by appellee was sustained, though at the time the contract of renting was entered into the property was owned by one Mills; the lease was in appellee's name. The right to maintain the action was upheld upon two grounds, one being that a tenant cannot deny that the person from whom he rented, and who put him in possession of the premises, was not his landlord, with the right to the remedies to which landlords are entitled."

In Hickman v. Fordyce cited in the opinion supra, it is further said [179 Ky. 737, 201 S. W. 308]:

"The contract of renting was made between Fordyce and Hickman, and from the evidence of the parties to this suit and other witnesses who were present it would appear that Fordyce, at the time the contract was made, was the owner of the property, because the name of Mills, who, it seems to be now conceded, was, in fact, the owner, was not mentioned between the parties at that time. Therefore Fordyce had the right to maintain in his own name a writ of forcible detainer for two reasons: In the first place, the tenant cannot deny that the person

from whom he rented, and who put him in possession of the premises, was not his landlord, with the right to the remedies to which landlords are entitled; and, in the second place, although Fordyce in renting this property was, in fact, acting as the agent of Mills, yet, as the contract was made by and with Fordyce in his own name, he could prosecute the writ under section 21 of the Code, providing, in part, that 'a person with whom or in whose name a contract is made for the benefit of another * * * may bring an action without joining with him the name of the person for whose benefit it is prosecuted,' as this section is broad enough to include forcible entry and detainer proceedings. The writ could also have been prosecuted in the name of Mills the real owner of the rented premises.''

While it is true that the particular facts in the present case, and in the cases supra, are not precisely the same, yet those cases enunciate the general and fundamental principle (a) that a tenant cannot deny that the person from whom he rented is his landlord with all the rights and remedies to which landlords are entitled; and, (b) when the lessor acts as the agent of another and makes a rental contract in his name, the lessor has the right, under Section 21 of our Code of Civil Practice, to prosecute a forcible detainer action in his, lessor's, name, without joining with him the names of the real owner or persons for whose benefit the action is prosecuted.

In the case at bar it appears that from the deed of conveyance it was expressly understood between the parties that the Commission was purchasing the land as agent of the National Government and when the land was turned over to the National Government, appellant's right to possession and further use of the land automatically ended. This right to remain on the property was in the nature of a rental or lease contract, and appellant became the lessee of the Commission, or conversely stated, the Commission is appellant's landlord, and, as stated in the Hickman-Fordyce case, supra, appellant cannot now deny the rights of his landlord to prosecute this action for possession of the property.

Judgment affirmed.