## Brock v. Ettin.

November 1, 1946.

Astor Hogg and M. F. Hall for appellant.

Daniel Boone Smith for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On January 1, 1943, the appellant, W. A. Brock, leased to the appellee, I. E. Ettin, a store room then occupied by the latter as a department store, the lease extending for a period of five years from that date, and the stipulated rental being $125 per month. It was provided in the lease that the lessee should not sub-rent the property, and if he violated any of the agreements therein the lease should be forfeited and terminated "upon notice * * * within ten days." The lease contained no provision for vacating the property by the lessee upon a sale thereof by the lessor. The lease therefore did not expire until January 1, 1948, unless a forfeiture was incurred by the lessee under the ten day notice provision. It is not claimed in this forcible detainer proceeding by the lessor against the lessee that any such cause for forfeiture did happen.

On September 24, 1945, this forcible detainer proceeding was instituted in the Harlan county court by the appellant, Brock, against the lessee, appellee Ettin. Prior thereto the lessor in July, 1945 (the day of the month not being shown and his deed was not filed) sold the Brock building—a portion of which was embraced by the lease —to one Geller, and according to his testimony he then put his vendee in possession of the entire building. He then gave his lessee notice to vacate which the latter declined to do followed by the filing of this action as stated.

The trial before the county judge resulted in a judgment finding appellee guilty of the forcible detainer which was on December 7, 1945. On the next day, December 8, 1945, there was filed by appellee, with the county

judge, a traverse to the circuit court but that officer did not enter the filing of the traverse on the records of his court within the three days prescribed by the law in such cases. Section 463, Civil Code of Practice. Therefore, appellant after the case reached the circuit court entered motion to dismiss the appeal because the filing of the traverse with the county judge, who failed to enter it within the prescribed three days from the entry of the judgment in his court, was insufficient. The circuit court overruled that motion which presents the first question for consideration.

In the case of Fields Motor Co. v. Sturgill, 279 Ky. 47, 129 S. W. 2d 1003, this contention of appellant was overruled, and in the opinion we quoted from the case of Commonwealth v. O'Bryan, Utley & Co., 153 Ky. 406, 155 S. W. 1126, 1128, in which we said:

"In modern times it is usually held that a paper is filed on behalf of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof and paid the fees for filing, if any are required."

In the case of Hall's Ex'rs v. Robinson, 291 Ky. 631, 165 S. W. 2d 163, practically the same question was disposed of by us in a similar manner. The rule so announced in the cited opinions, and others listed in them, is especially applicable to appeals from inferior courts to the circuit court. The overruling of appellant's motion by the circuit court to dismiss the appeal from the judgment of the county court was therefore proper, from which it follows that this alleged error is without merit.

The only testimony heard in the trial in the circuit court was that given by appellant in person. He testified that at the time the lease was made it was orally agreed between the parties that if appellant should sell the property during the five-year term the lessee (if he himself were not the purchaser) would vacate the premises on 60 days' notice, but none of which appears in the written lease. Therefore without the lease being reformed such parol terms cannot be considered as a part of the lease, since the universal rule is that prior and contemporaneous parol understandings or agreements are merged in the written contract which the parties executed.

However, if it had been proper to obtain a modification of the contract in this action so as to include the parol agreements relied on by appellant (but which is untrue), then he could only do so by alleging and proving, either a mistake of the parties or fraud upon the part of the appellee which was not done, since the omission of the parol matter relied on was as testified to by appellant *"by agreement."* Appellant in his brief appears to have surrendered this contention of a contemporaneous omission and relied on a subsequent modification of the lease by an agreement on the part of the lessee to the same effect as the one which he said was originally a part of the lease; but no consideration whatever is attempted to be shown on the part of the lessee for making such subsequent agreement if he did so. The circuit court on motion of the defendant, appellee, directed the jury to return a verdict finding him not guilty of the forcible detainer, followed by the verdict as directed and judgment dismissing the proceeding. Appellant's motion for a new trial was overruled followed by his prosecuting this appeal.

The court in sustaining appellant's motion for a peremptory instruction acquitting him of the unlawful detainer did not state the ground therefor, i. e., whether because appellant failed to prove such unlawful detainer, or whether he ceased to be appellee's landlord after he sold the property to his vendee and by delivering to him the possession of the building as he testified he did in giving his testimony. We have already seen that the first ground was amply sufficient to sustain the action of the court in directing the jury to return a verdict in favor of appellee. The argument of appellant is, that he continued to possess the right to maintain this action after he sold the leased property until possession of it was turned over to his vendee, and in support of that contention counsel cites the cases of Demunbrun v. Kentucky National Park Comm., 278 Ky. 521, 128 S. W. 2d 963; Lemaster v. Lemaster, 188 Ky. 829, 224 S. W. 466, and Hickman v. Fordyce, 179 Ky. 737, 201 S. W. 307. We have examined each of them and find them entirely inapplicable to the facts of this case. In each of them the lessor, with knowledge of the lessee was making the contract in his own name but for and on behalf of another as agent, fiduciary or in some other rep-

resentative capacity, and not for himself individually. It was therefore held that under the provisions of section 21 of our Civil Code of Practice, this character of action could be maintained by the one who made it for the use and benefit of another as well as by the person in whose behalf it was made. The involved lease here whereby appellee obtained the possession of the involved premises was exclusively for and on behalf of appellant himself, the lease being executed for himself alone and not as the representative of a principal for whom he was acting, but only for his own benefit. The cases supra cited by appellant are not, therefore, applicable to the facts of this case and do not determine the question as to whether appellant lost the right to maintain the action from and after the date he sold the leased property and ceased to be the landlord of appellee.

Wherefore, the judgment is affirmed.