**KENLAND REALTY CORPORATION et al.,**
Appellants,

v.

**KY–AM OIL COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

March 18, 1960.

Richard C. Oldham, Louisville, for appellants.

Hubert T. Willis, Gerald Kirven, N. S. Lord, Louisville, for appellee.

STANLEY, Commissioner.

The case involves a series of complicated transactions relating to the lease of gasoline service station property located on the Shelbyville Road near Louisville. The plaintiff, now appellant, Kenland Realty Corporation is the alter ego of its co-appellants, Ramon Wyer and his wife, Becky H. Wyer, since they own all the capital stock. By intervention, Wyer and wife are also parties individually as assignees of one of their corporations, the Inland Oil Company, which entered into the transactions. The defendant, now appellee, Ky-Am Oil Company, Inc., is owned wholly by J. B. Hutchinson, who is the father of Mrs. Wyer. For simplification, we use the names Wyer and Hutchinson without regard for their respective corporations.

The Wyers sued Hutchinson, claiming that he owed them $3,365.94 rentals, being for a fixed monthly sum and gallonage for the first three months of 1956, and asserting the right to recover double that sum, $6,731.88, under the terms of KRS 383.150. After much pleading and several orders of court in relation thereto, the case was submitted upon a stipulation of facts.

It appears that it had been agreed at a pretrial conference that counsel for the

plaintiffs had reserved the right in the event of an adverse decision on the stipulation to offer evidence upon material facts that had not been stipulated. When the court had filed a statement of findings of fact and conclusions of law and entered judgment for the defendant, the plaintiffs filed a motion for a new trial and an amendment of the findings of the court, supporting the motion with the affidavit of Ramon Wyer. It recited certain collateral oral agreements between the Wyers and Hutchinson, some of which were at variance with and others additional to the several written contracts, and other statements which were irrelevant to the issues. The court properly sustained the defendant's objection to receiving and considering the statements under the rule that preliminary and contemporaneous verbal agreements are presumed abandoned and become merged into writings executed by the parties, and the rule that parol evidence which varies the terms of a written contract is inadmissible. Brock v. Ettin, 303 Ky. 225, 197 S.W.2d 256.

Notwithstanding the ruling of the court, a large part of the appellants' argument is devoted to the statements of the affidavit, which was filed as an avowal, and an insistence that Hutchinson had greatly mistreated his son-in-law and daughter. We ignore that part of the brief and look to the stipulation of facts and written contracts constituting parts thereof. Eliminating certain assignments by and to the Wyers, and other transactions which became and are now immaterial to the review of the judgment, the following seem to be the essential facts.

The contractual relationship between the parties began with a lease of the property by the owners, the Wyers, to the Pan American Southern Corporation (hereinafter Pan Am), of May 14, 1951, and effective November 1, 1951, when the lessors had completed a gasoline service station at their own expense. The term was ten years and the consideration $350 a month, plus 1¢ a gallon on gasoline over 25,000 gallons sold. By an instrument bearing the same date of execution and effectiveness, Pan Am subleased or "leased back" the property to the Wyers for the same consideration but for the limited terms of one year and six months intervals. By an amended agreement Pan Am was given the right to cancel the "lease back" to the Wyers and to substitute Hutchinson as its exclusive sublessee. Hutchinson was the distributor of Pan Am products in Jefferson County.

We concur in the finding of fact as an interpretation of the stipulation of confusing and complicated transactions and the conclusion of law that these first contracts were mutually cancelled as of March 3, 1952, notwithstanding the inadvertent delay in manually delivering the instrument of termination of the "lease back" to the Wyers. The parties entered into new contracts, dated April 1, 1952. The only substantial difference between these and the first contracts seems to have been to reduce the cash monthly rentals from $350 to $343.42, and to change the primary term of the leases to have the termination periods coincide with the calendar year. Pan Am had reserved power to terminate the second "lease back" to the Wyers. By letters of November 22 and December 19, 1955, the Wyers were notified of the termination of the "lease back." Hutchinson became the sublessee on January 1, 1956. The result, as we understand, was to put Hutchinson in charge as operator of the service station. The Wyers claimed Pan Am had no right to cancel the "lease back" and requested Hutchinson to vacate the premises. He refused to do so, and the Wyers filed suit for a declaratory judgment concerning their rights. The suit was settled by a judgment entered April 20, 1956, showing that Pan Am had bought the property from the Wyers on March 31, 1956.

It is the contention of the present law suit that the Wyers remained in possession as sublessees or "lease back" tenants of Pan Am during the three intervening months. Hutchinson paid the rentals to Pan Am during this time, and Pan Am paid rent to the Wyers in accordance with the terms of

the primary lease. The stipulation recites various payments during the three months by Wyer to Pan Am, but we find no explanation in the record of what these payments were for. The checks therefor state they were for "gallonage rent" under the "sublease of May 14, 1951." That is the first lease, which was superseded by the sublease of April 1, 1952. The court treated them as rentals but held their acceptance by Pan Am did not constitute a waiver or retraction of its termination and cancellation of the "lease back" to Wyer, and further held that after December 31, 1955, Hutchinson was Pan Am's subtenant. Pan Am is not a party to this appeal, and we are not concerned with these payments. The overriding fact is that after December 31, 1955, the appellee, Ky-Am Oil Company, Inc. (Hutchinson) was the sublessee of Pan Am and it was the lessee of the appellants, Kenland Realty Corporation and the Wyers individually.

It seems to us the judgment is correct.

Affirmed.