Judge Mills
delivered the Opinion of the Court.
John Durham, possessing a tract of land, sold a part thereof, in his life time, and gave his bond for a conveyance, to the plaintiff in error, and afterwards made his will and devised the residue to his wife for life, and after her death, to be sold, and the money distributed among his children or some of them, it being his mansion tract, and he then died. His executors, the present defendants in error, sold the farm, leaving a small piece unsold adjoining the part formerly sold by the testator, the title thereto being doubtful.
After this, it was ascertained that the title to this small piece was good, and that the boundaries of the testator actually included it, and the plaintiff in er *18 ror then set np claim to it, as included in his purchase from the testator, and the defendants as executors, denied this claim, and contended that they had the. right to sell it under the will.
An authority given to the excontovr., gives them no tille on which they can maintain any suit.
None but those who are m the actual posses-t'ion wlion a forcible entry if. made, can main fain the warrant of forcible entry under the statute.
Mayes, for plaintiff; Daviess, for defendant.
The plaintiff in error entered upon it under his claim, and the defendants, the executors ,of the deceased, brought this warrant of forcible entry and detainer against him to remove him, and suceeded in recovering a verdict and judgment against him, Loth 'before the justice of the peace, and after a tf.'vwc thereof in the circuit court; to reverse whkli liút; writ of error is prosecuted.
Various questions were made on the facts n,»d law of the case. These we pass over, to notice one qiv.ution which supersedes all others, and seems to settle the controversy.
The plaintiffs in the warrant, now defendants in error have not proved, or attempted to prove, any possession in fact at the'time of the entry of the plaintiff in error, the defendant in the warrant; but seem to have rested their claim exclusively on the authority given them by the will. The will only gives them abare authority; there is no vestiture of title; and in any other action in their names, where title might come in issue, they could not recover for the want of it. If, therefore, title, or right of entry, would enable them to sustain their warrant, they have failed to shew any.
But in this proceeding, title itself, if they had it, will not do. By the express letter of the act of assembly, under which these proceedings were had, the remedy is given to him alone who at the time of the entry had the possession in fact; and it is not pretended that they ever had such possession. It wan therefore error in the court below to decide in their favor as to the admissibility or effect of their evidence, or to sustain a verdict founded thereon when moved for a new trial.
The judgement must, therefore, he reversed, with costs, the verdict be set aside, and the cause be remanded for new proceedings not inconsistent vli’i this opinion.