Judge Underwood
delivered the Opinion of the Court.
Tayloe proceeded against Wayman, for a forcible entry. The jnrv, on the trial of the warrant, found Wav-J J - - man guilty ; and thereupon the justice of the peace rendered a judgment for restitution,, and for costs.
The warrant was set for trial on the 14th of April, 1831. It seems that Wayman, on the next day, executed a traverse bond, in conformity to the act of assembly regulating proceedings in such cases, and the justice of the peace returned the warrant and bond, together with a transcript of the verdict of the jury and his judgment, to the circuit court, but not within ten.days after the ¿ , lnal'
. _ ' On Taylor’s motion, the circuit court dismissed the suit, and rendered a judgment against Wayman for costs.
If the decision of the circuit court be correct, it is so upon one or both of the following grounds. First, because the justice did not return the papers within ten , . ■ , i , , i , , days, as required by the statute; and, second, because
*528 Wayman did not file a written traverse with the justice in three days, according to the form prescribed by the statute.
As to the first point, we are of opinion that the statute is merely directory to the justice, and that the rights of litigants should not be affected by his negligence ; and therefore the suit should not have been dismissed on that ground.
Upon the second point, we are of opinion, that the traverse bond, which was executed on the day after the trial, and which, according to the form prescribed by the statute, acknowledges and declares, that “ the inquisition hath been traversed by the said Wayman,” is an estoppel on the part of Wayman, and precludes him from denying that he had filed a formal traverse with the justice previous to the execution of the bond. The justice ought not to have taken the bond without a traverse of the inquisition. The bond secured Taylor in all things which the law required he should be secured in, as a prelimniary to a trial of the traverse in the circuit court. Upon the execution of the bond, within three days after the inquest, the statute directed the justice “to stay all further proceedings on the inquisition, and return the whole of the papers and proceedings, or a fair transcript thereof, to the office of the circuit court.” This being ,done, the statute declares “ that executions for cost, or for restitution, shall issue from the office of the circuit court, according to the judgment in the cause;” thus showing that the powers of the justice ceased upon the execution of the traverse bond within the time prescribed, except merely the transmission of the papers. Under such circumstances, and in the absence of proof to the contrary, we think the circuit court should have presumed that all things were rightly acted, that a traverse had been filed with the justice, although not returned, and should have suffered its loss to be supplied by filing another nunc pro tunc. The issue would thus have been made up in a manner not injurious to Taylor, and a fair trial had upon the merits.
Judgment reversed, with costs, and the cause re-, manded for proceedings in conformity to this opinion.