CASE 3—FORCIBLE DETAINER—JUNE 24.

# Powers, &c., vs. Sutherland.

### APPEAL FROM CASEY CIRCUIT COURT.

1. In a warrant for forcible detainer it is necessary that the relation of landlor and tenant shall be alleged, or in some form appear on its face. (*Code, sec.* 500.)

2. Upon the trial of a traverse, the circuit court has the power to quash a defective warrant. (*Sec.* 513.)

3. Upon an appeal " the same action may be tried *anew*, but no *new action* is to be tried." The same rule applies to a traverse, in which the proceeding cannot be amended by introducing new parties plaintiff. (3 *Met.*, 79.)

T. T. ALEXANDER, for appellants, cited *Civil Code, sec.* 161.

J. F. BELL, for appellee, cited *Civil Code, secs.* 500, 502, 517.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

The appellee having been found guilty of a forcible detainer, traversed the inquisition, and on the trial of the traverse, the circuit court, at the instance of the appellee, quashed the warrant, and refused to permit the appellants to file an " amended petition and warrant" offered by them. The appellants seek, by this appeal, to reverse that judgment.

*First.* The warrant was fatally defective in several particulars. It charges, in substance, that the defendant " did, in the year 1859 and 1860, forcibly detain one house and field on the waters of the little South Fork in the county aforesaid, which

were in the peaceable possession of Barbara Bullock, late
Barbara Richards, deceased." The first and most obvious
objection to the sufficiency of this statement is, that it discloses
no interest on the part of the plaintiffs in the house and
field mentioned, nor any right whatever to the possession.
It shows no connection or relationship between the plaintiffs
and Mrs. Richards or her husband. For all that the warrant
shows to the contrary, the plaintiffs are strangers, as well to
the title as to the tenant who is alleged to have been in the
peaceable possession of the premises.

But, in the second place, a forcible detainer is defined to be
" the refusal of a *tenant* to surrender to his *landlord* the land or
tenements demised, after the expiration of his term ; or, of a
tenant at will, after the determination of the will of the land-
lord." (*Civil Code, sec.* 500.) To maintain a proceeding for a
"forcible *detainer*," it is, therefore, obviously essential that the
relation of landlord and tenant should be alleged, or in some
form appear on the face of the warrant.

On the trial of a traverse, it is expressly provided that noth-
ing contained in the statute regulating the proceeding shall
be construed to prevent the court " from deciding any matter of
law properly brought before them as in other cases." (*Code,
sec.* 573.) The court, therefore, had the power to quash the
warrant at any stage of the trial; and from what has been
said, it is clear that the power was properly exercised in this
case.

*Second.* Nor did the court err in refusing to allow the filing
of the " amended petition and warrant," as it is styled. With-
out deciding whether a warrant in forcible entry and detainer
is amendable at all—especially after a traverse to the circuit
court—we deem it sufficient to say, that the amendment offer-
ed was not only defective in failing to show that the relation
of landlord and tenant existed between the parties, but it
presented an entirely new case by introducing a number of
new parties plaintiff. This cannot be allowed. In the case
of *Burbage vs. Squires* (3 *Met. Ky. Rep.*, 79), it was held that,
although, upon an appeal, the case is to be tried anew, as if
no previous judgment had been rendered, yet it must be the

same identical case which was tried by the court of original jurisdiction, not a new and different case.' "The same action may be tried *anew*, but no *new action* is to be tried." Of course the same rule must be applied to the traverse of an inquest in forcible entry and detainer, which is, in form and effect, an appeal, differing from other appeals only in this, that it merely calls in question the finding of the jury, and not the judgment of the court thereon.

It is admitted that this class of proceedings should always be reviewed with great liberality. Errors which are merely formal or technical should be disregarded. But there is a point beyond which the toleration of irregularities and errors cannot be extended, and we are satisfied that that point was reached in the present case.

The judgment is therefore affirmed.