JUDGE ROBERTSON
delivered the opinion of the court:
The appellánt, without filing a formal traverse of an inquisition against him on a warrant of forcible entry, executed a statutory bond, and took the case to the cir *554 cuit court, which, on motion by the traversee, dismissed it for want of an express traverse before the country justice. On that motion the appellant offered to file a traverse nunc pro tunc; and now, on this appeal, he insists that the recital in his bond of the fact of inquisition and traverse, is sufficient evidence of a legal traverse; and if not, that the court erred in rejecting his offer to file an explicit traverse.
As decided by this court in Wayman vs. Taylor (1 Dana, 528), the bond estops the traversor from denying that a ■traverse had been filed as required by law, and might, as against the traversee also, be presumptive evidence of such filing, in the absence of any opposing fact or testimony. But, in this case, the justice himself, and another witness, testified that no traverse had in fact been filed.
The required traverse is the only prescribed mode of appealing to the circuit court, and, like all other appeals, it must make up an express issue for retrial. The statute does not allow a traverse after three days from the date of the inquisition; and, unless it shall have been filed within that time, the justice is required to enforce his judgment. Consequently, as no traverse was filed, the judgment on the inquisition was not suspended; and a subsequent traverse could not suspend the judgment, nor give jurisdiction to try the truth of the inquisition. Had the traverse been filed in time, without a sufficient bond, the statute would have authorized the execution of the requisite bond in the circuit court; but there is no such authority for filing a traverse in the circuit court. And as the traverse is the required foundation of the circuit court’s jurisdiction, and the object of the bond is only security to the traversee, there is good reason for the statutory discrimination between the necessity and the times of filing them.
*555 Then, the Code peremptorily requiring the traverse to be filed within three days after the inquisition, or not,at all: the circuit court did not err in either of its judgments.
Wherefore, the judgment of dismission is affirmed.