Alderson v. Trent.

---

CASE 50—ORDINARY—FEBRUARY 19, 1881.

## Alderson v. Trent.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

1. The traverse bond was defective.
2. It was the duty of the court, under section 682, Civil Code, to allow appellant, within a reasonable time, to execute a new and sufficient bond.

THOS. E. WARD FOR APPELLANT.

Although the bond originally executed may have been defective, it was the duty of the court below to give reasonable time to appellant for the execution of a new bond. (Sec. 682, Civil Code; Waters v. Patrick, 1 Bush, 224.)

No brief for appellee.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Upon a traverse of an inquisition of forcible entry and detainer, the appellant executed bond substantially in con-

formity to the provisions of section 463, Civil Code, except the amount of the liability to which the obligors might be. subjected was limited to the sum of one hundred dollars.

On motion of the appellee, the traverse was dismissed because the bond was so limited.

It was a defective bond, for the reason that the costs and damages to which the traverser might be subjected may exceed the sum of $100.

And the law, found in section 463, *supra*, requires bond to be given for the costs of the proceeding and all damages. that may be caused to the .traversee by the traverse, if it should not be prosecuted with effect.

But the court erred in refusing to allow the appellant to execute a new and sufficient bond within a reasonable time, which he had the right to do under the provisions of section: 682, Civil Code, that reads:

"If a bond provided for by this Code be adjudged to be· defective, a new and sufficient bond may be executed in such reasonable time as the court may fix, with the same effect as if originally executed."

Wherefore, the judgment is reversed, and cause remanded. for further proper proceedings.