## Cox v. Allen.

(Decided June 18, 1920.)

### Appeal from Floyd Circuit Court.

1. Forcible Entry and Detainer—Traverse and Bond.—The traversor in a forcible detainer proceeding must, within three days after the rendition of the judgment, both file a traverse with and execute a bond before the officer who tried the case in

substantial compliance with section 461 of the Civil Code. If they are defective merely, they may be corrected on proper motion made therefor in the circuit court to which the appeal is taken, but if for any reason they are invalid, no such correction can be made.

2. Forcible Entry and Detainer—Bond.—Where an appeal bond is taken and approved by one having no legal authority to do so, it is void, and not defective within the above rule.

3. Forcible Entry and Detainer.—County Judge Pro Tem.—The provisions of section 1059 of the Kentucky Statutes do not confer upon the county judge the right or authority by a general order to appoint a regular county judge pro tem. It only authorizes the appointment of a county judge pro tem. where the regular judge is absent from the county, or for any cause is unable to attend and preside in the discharge of the duties of his office; and an appeal bond in a forcible detainer case taken before and approved by a county judge pro tem. who was appointed to such position throughout the term under a general order is void, if taken and approved when the regular judge is in the county and not disabled or otherwise incapacitated to attend to his duties.

B. M. JAMES for appellant.

W. P. MAYO and B. F. COMBS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On March 10, 1919, the appellee, T. J. Allen, instituted before Ed Hill, the county judge of Floyd county. forcible detainer proceedings against the appellant, T. J. Cox. A trial in that court on April 7 following resulted in a verdict in favor of Allen. On the same day Cox filed a traverse before the county judge, but he executed no bond at that time, as required by sec. 461 of the Civil Code; but on April 9, he appeared at the court house in Prestonsburg and executed a paper before one W. W. Williams, whom he found in the county judge's office, and who proposed to be acting as county judge pro tem. That paper is in the usual form of a traverse bond as prescribed by the section of the Code, supra, except that in lieu of the name of the surety therein the word "cash" is written, and Cox deposited $200.00 with Williams at that time.

When the case was called for trial in the circuit court the attorney for appellee moved to dismiss the appeal, upon the ground that no bond had been executed before the judge or justice who tried the case. Appellant entered a motion to permit him to execute the bond

in the circuit court as provided by section 682 of the Code in case of defective bonds; but that motion was overruled and the court sustained the one made to dismiss the appeal and entered a judgment to that effect, to reverse which this appeal is prosecuted.

In the recent case of Milliken v. Hatter, 177 Ky. 31, we had occasion to consider at some length the right of appeal and the necessary steps to be taken in order to preserve that right. It was there shown that the right to an appeal is one of grace only, and for one to avail himself of it he must at least substantially comply with the law granting it. It was therein held that where a part of the provisions providing for an appeal is the execution of a bond before the proper officer, it must be done within the time required by the statute, and before the designated officer, and that the provisions relating to the execution of the bond were mandatory, and unless substantially complied with the appeal would be lost. A number of authorities are referred to in that opinion.

The case of Burchett v. Blackburn, 4 Bush 553, was one of the same character as this one. A proper bond was executed but no traverse was filed, and a motion to dismiss the appeal in the circuit court was sustained, the court holding in substance that if a proper traverse had been filed with an insufficient or defective bond, the latter might be corrected in the circuit court.

In the case of Alderson v. Trent, 79 Ky. 259, the traverse was duly filed and the bond taken before the proper officer, but it was limited in amount to the sum of $100.00. The circuit court sustained a motion to dismiss the appeal on the ground that the limitation of the amount in the bond rendered it void, but this court held that such fact only rendered the bond defective and therefore it could be corrected under the provisions of section 682 of the Civil Code.

In the case of Hargis v. Pearce, 7 Bush 234, the appellant and his sureties signed a blank paper giving the clerk authority to write above their signatures an appeal bond appropriate to the case. The clerk neglected to do this, and the appeal was dismissed, the court saying: "The difference between an imperfect or defective bond and no bond at all is fatal to the appellant, and left the circuit court no jurisdiction."

The case of Slaughter v. Crouch, 23 Ky. Law Rep. 1214, was one of forcible detainer. The name of the traversor was signed to the bond by his attorney, within the proper time, and the name of E. M. Salin was subscribed thereto as surety. It was made to appear on a motion to dismiss the appeal that Salin signed the bond conditionally with the knowledge of the county judge who tried the case, and that others afterward signed the bond, but not within three days from the rendition of the judgment, although they agreed to do so within that time. This court, in reversing the case and directing a dismissal of the appeal, said:

"The facts in this case show that no valid bond was ever in fact executed. The only surety who signed the bond within the three days was Salin, and his signature was conditional upon the execution to him of a mortgage by Crouch, which was never executed, and he was, therefore, never bound thereon. The names of the other sureties were added after the expiration of the time in which they could, under the Code, have been signed and without any application having been made to the circuit judge to permit such additional signatures. We are, therefore, of the opinion, that no valid or enforcible bond was ever executed by the defendant; and that the court erred in not sustaining the motion to dismiss the appeal."

The case of Kothmeier v. L. & I. R. R. Co., 28 Ky. Law Rep. 298, was a condemnation proceeding. The statute creating the remedy required an appeal bond to be executed by the appellant within thirty days after the rendition of the judgment if an appeal was taken from it. No bond was executed within that time and the circuit court dismissed the appeal, which judgment was affirmed by this court, the opinion saying:

"As the bond was not executed within thirty days in this case the appeal under the statute was not taken. It is not one of those cases where a defective proceeding may be amended under the Code. If a defective bond had been executed, then the Code provision would apply, but when no bond was given, there is nothing to amend. The fact that the statement of the parties and the transcript of the orders was filed in the circuit court does not help the matter."

The case of Berry v. Trice, 179 Ky. 594, was a forcible detainer proceeding. The traversor failed to

file the traverse within the three days required by the section of the Code, *supra,* although proper bond was executed. This court sustained the circuit court in dismissing the appeal because the requirements of the statute authorizing it had not been complied with. The right to amend or correct defective steps looking to the completion of an appeal is a statutory one, and it cannot be exercised unless authorized by the statute, hence the appellate court is without authority to allow an imperfect appeal to be cured under the power of amendment when the commission consists in an entire failure to take a necessary step, or when the action taken was wholly void. 3 Corpus Juris, 1191, and cases, *supra.*

The text in the volume of Corpus Juris referred to on page 1116, states that the acceptance of a deposit of money or other property in lieu of an appeal bond is not allowable unless authorized by the statute granting the right of appeal. It says in part: "But where such a deposit is not provided for, it has been held that a deposit is not a sufficient compliance with the statute which requires a bond or undertaking as a condition precedent to the right of appeal." Many cases from a number of the states are referred to in the note supporting the text. Clearly, then, if the bond in this case was for any reason so insufficient as to render it wholly invalid, it was more than a *defective* bond such as may be amended under the provisions of sec. 682 of the Code.

In determining the question it becomes necessary to briefly notice sec. 1059 of the Kentucky Statutes, under which the authority of Williams, who approved the paper claimed to be a bond, is supposed to have been conferred. That section, in so far as applicable to the question, reads:

"Whenever the county judge shall be absent or unable from any cause to attend or hold the county court or preside at any trial or prosecution, he shall appoint and designate by order entered on the order book of the county court, a county judge *pro tem.* Said county judge *pro tem.* shall possess all the qualifications required by law of the regular judge and the regular county judge shall be liable upon his bond for the actions of said appointee: Provided," &c.

The proviso in the section relates to the swearing off the bench of the regular judge, the election of one by the members of the bar to preside at the particular

trial, and the right of the parties to agree upon a judge to try their case.

Construing that portion of the section which we have quoted as conferring the authority upon him, the regular county judge of Floyd county, on February 12, 1919, entered an order upon his records in these words: "Upon motion of Ed Hill, county judge of Floyd county, it is ordered by the court that W. W. Williams be and he is hereby appointed county judge *pro tem.* of Floyd county, who, being present, accepts said office, and thereupon took the constitutional oath and the statutory oath, as required by law." It will thus be seen that the county judge, under the supposed authority of the section, appointed a regular deputy or substitute county judge, with power and authority to act in all matters the same as the regular county judge. Manifestly no such authority was ever intended to be conferred by the legislature in enacting the statute. Its only purpose was to authorize the county judge to appoint and designate a judge *pro tem.* to preside over the county court when the regular judge was absent from the county, or from any cause was unable to attend and perform the duties of the office or to preside at any particular trial or prosecution. Whether a general appointment as was made in this case would be sufficient to authorize the appointee to discharge those duties, even under the conditions named, or whether the appointment should be made as the occasions arise, are questions not presented, and which we will not now determine. The purpose of the legislature was to provide a method by which the public business to be discharged by the county judge might not be postponed or obstructed because of necessary absence from the county of the regular judge, or his prevention from the performance of his duties on account of sickness or other valid causes. To construe the section as the county judge did in this case would result in having two or more county judges in the same county at the same time, but only one of whom was chosen by the people as provided by law. They might perchance be making contradictory orders concerning the same matter at the same time, and thus not only obstruct the orderly administration of the office, but create endless confusion. We, therefore, conclude that W. W. Williams, the supposed county judge *pro tem.,* had no more authority to approve or accept

the supposed bond in this case (waiving the defect of accepting cash instead of personal security) than would any loafer who might have been in the office of the county judge at the time; for it is shown that the county judge was neither absent from the county nor for any cause unable to attend to the duties of his office, or to discharge the particular duty of taking and accepting the bond in this case, he being well and at his residence but a short distance from the court house.

Since the cases, *supra,* and particularly that of Milliken v. Hatter, hold that a bond taken before an officer not authorized to take it is void, we conclude that the bond in this case was ineffective for any purpose, and was not one that could be corrected or amended under the provisions of sec. 682 of the Code.

The judgment being in accord with these views, it is affirmed.