## Ficke v. Covington Savings Bank & Trust Company.

(Decided February 17, 1922.)

### Appeal from Kenton Circuit Court.

1. Appeal and Error—Matter of Grace.—An appeal from a judgment of the court of original jurisdiction to another tribunal is a matter of grace, granted by the legislature, and, if a party would take advantage of it, he must comply with the conditions upon which the right to appeal is granted.

2. Forcible Entry and Detainer—Traverse and Traverse Bond.—When a finding is made upon an inquest of forcible detainer, the filing of a traverse and the execution of a traverse bond, within three days from the finding, is necessary to give the circuit court jurisdiction to review the inquest.

JOHN T. MURPHY for appellant.

W. A. PRICE and S. D. ROUSE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Affirming.

The appellant, Ficke, was a tenant of the appellee, Covington Savings Bank & Trust Company, as trustee of the estate of Georgia G. Conner, and on the 6th day of November, 1920, it caused a writ to issue against the appellant accusing him of a forcible detainer of the premises held by him as a tenant. The trial of the appellant, upon the writ of forcible detainer, was held before a justice of the peace on the 11th day of November, 1920, at which the appellant and appellee were present in person and by counsel. A jury was not demanded, and after hearing the evidence offered by each party and the argument of counsel, the justice of the peace did not at once render a judgment, but continued the hearing until the 18th day of November, 1920, to give the appellant opportunity to be further heard by brief. On the latter date, the justice rendered a judgment, finding the appellant guilty of the forcible detainer complained of, and adjudged that the appellee have restitution of the property detained, and that it recover its costs. On December 14, 1920, the appellant filed a traverse before the justice of the peace, and thereafter on January 17th, 1921, executed bond as provided by section 463, Civil Code, and the justice thereupon transmitted to the office of the clerk of the circuit court and filed therein the papers and proceedings on the 26th day of January, 1922.

The circuit court sustained a motion of the appellee to dismiss the traverse, and from the judgment the appellant prayed and was granted an appeal.

It will be observed that the state of facts, upon this record, are not similar to those in Wayman v. Taylor, 1 Dana 528, and for that reason the rule adopted in that case is not applicable to this. In that case the traverse bond was executed within the prescribed period of three days from the rendition of the judgment, and it reciting that a traverse had been filed, although the traverse did not appear in the record, the court could presume that the traverse had been filed within the prescribed time, as it was the duty of the justice to have required the filing of the traverse before the acceptance of the bond. In this case the record shows that the traverse was not filed within three days after the finding of the inquest or the rendition of the judgment, and was not filed before the justice until the 14th day of December, and the

traverse bond was not executed until January 17th thereafter, when the finding upon the inquest or judgment was previous thereto on the 18th day of November. There is no contention that the traverse was filed, or the traverse bond executed within the time prescribed by the Civil Code, section 463.

It is a universally accepted doctrine, and applied in all cases of appeals, that the right of appeal from the judgment of a trial court is not an inherent or constitutional right, but is a matter of grace of the legislature, and if one would take advantage of the right of appeal, he must comply with the conditions upon which the right is granted to him by the legislature. The right of appeal from an adverse judgment rendered by a court of original jurisdiction upon a forcible detainer warrant, to the circuit court, is granted upon the conditions prescribed by section 463, Civil Code, and the conditions are that the complaining party will file a traverse of the finding upon the inquisition within three days after the finding, and within the same time will execute before the justice of the peace or judge, before whom the inquisition was had, the bond therein prescribed. The result of filing the traverse and executing the bond is to stay proceedings before the justice of the peace or county judge, and to give the circuit court jurisdiction to review the inquest. Burchett v. Blackburn, 4 Bush 553; Berry v. Trice, 179 Ky. 594. Without a compliance with these conditions, the jurisdiction to proceed in accordance with the finding upon the inquisition is not taken away from the trial court, nor jurisdiction to review the inquisition is not bestowed upon the circuit court. The filing of a traverse after the prescribed time before the justice of the peace or county judge, who presided over the inquisition, has no effect in either staying the proceedings or giving jurisdiction to the circuit court, according to well established principles governing appeals. Millikin v. Hatter, 177 Ky. 31. The amendment of April 30, 1888, providing that if neither party demand a jury, the judge or justice presiding shall try all questions arising, whether of law or fact, only substitutes the decision of the judge or justice upon the facts for the finding of the jury, and does not relieve the necessity of filing a traverse if a dissatisfied party desires to appeal, as the second clause of the amendment specifically provides that, ''The right to traverse the finding of the

judge or justice shall be the same as if a verdict had been rendered by a jury.''

The insistence that because the justice did not give to the appellant notice of the rendition of the judgment, the appellant was entitled to file a traverse more than thirty days after the judgment upon the inquisition, and to execute a traverse bond more than sixty days thereafter, and that such action should have the same effect as if the traverse had been filed and the bond executed within the prescribed time, is not meritorious, as the record shows that the rendition of the judgment was continued from the 11th of November until the 18th day of November, and that this was done in the presence of appellant and his counsel, and for the purpose of enabling the counsel for the appellant to file a brief. This was notice to appellant that the judgment would be rendered upon the 18th of November, and on that day it was rendered. The record fails to disclose that there was any agreement between the parties that the judgment upon the inquisition should not be rendered until the negotiations pending between the parties for an adjustment should be terminated, but upon the other hand it shows definitely that all parties were notified that the judgment would be rendered on the 18th day of November as heretofore stated.

The judgment is therefore affirmed.