## Mayhew v. Kentucky River Coal Corporation.

### Bedwell v. Same et al.

### Shephard et al. v. Same.

(Decided April 28, 1931.)

510

J. G. BRUCE, CLEON K. CALVERT, KENT V. GAY, and S. M. WARD for appellants.

P. T. WHEELER, J. E. JOHNSON, JR., and JESSE MORGAN for appellees.

Opinion of the Court by Judge Willis—Reversing.

These three appeals, involving the same question have been considered together and will be disposed of in a single opinion. The question presented pertains to the practice in a forcible entry and detainer case. The Kentucky Coal Corporation procured from the county judge of Perry county a warrant of forcible entry and detainer against Henry Mayhew. Like writs were obtained against Jake Bedwell and Farmer Shepherd. The warrants were executed by the sheriff, who returned them to the county judge, with his return indorsed thereon setting the 9th day of July, 1930, at the courthouse in Hazard, Perry county, as the time and place for a trial. At the time and place specified, the evidence for the complainant was heard by the county judge. The defendants declined to introduce any proof. On the 10th of July, 1930, a bond was executed in the Mayhew case reciting that "upon a writ of forcible entry in favor of the Kentucky River Coal Corporation against Henry Mayhew and tried before J. A. Smith, County Judge of

Perry County, a verdict and finding was rendered for the said Kentucky River Coal Corporation, which the said Henry Mayhew has traversed,'' and containing a covenant to pay the costs of said proceeding and all damages, if said traverse be not prosecuted effectively. The bond bears an indorsement as follows: "Approved J. A. Smith, Judge P. Q. C. July 10, 1930.''

Similar bonds were executed in each of the other cases. A formal written traverse appears in the record in each case bearing this indorsement: "Filed in my office this 11th day of July, 1930. Eva Stacey, Clerk, P. Q. C.'' A final judgment was entered in the Perry county court in each case reading:

"The time of the inquisition into the forcible entry complained of in the above styled cause, having been set by the Sheriff of Perry County, for July 9, 1930, at the Court House, in Hazard, Kentucky, and neither party having demanded, in writing, a jury, this cause came on to be heard before the Hon. J. A. Smith, County Judge of Perry County.

"The parties plaintiff and defendant, being present, by counsel, at said time, announced ready for trial.

"The plaintiffs introduced testimony in support of the complaints against the defendants herein, at the close of which testimony the defendants, by counsel, declined to introduce any proof on their part.

"This cause having been, upon the plaintiff's evidence submitted to the court for opinion and judgment, the court being advised is of the opinion that the defendant, Henry Mayhew, is guilty of forcible entry complained of, in the writ herein, and it is adjudged that the plaintiffs have restitution of the premises described in said writ, and that they recover their costs in their action expended.
"July 12, 1930.              J. A. Smith, J. P. Q. C.''

The county judge omitted to send the papers or a transcript thereof to the circuit court as was his duty (Civil Code of Practice, sec. 463), but treated the inquisition and finding as properly traversed and issued no writ of restitution, as would have been his duty to do but for the traverse and bond (Civil Code of Practice, sec. 461).

On October 13, 1930, at the next regular term of the Perry circuit court, the Kentucky River Coal Corporation filed a transcript of the record, and entered a motion to dismiss the "pretended appeal of Henry Mayhew" for the following reasons:

"1st. Because the judgment herein was entered in the Perry County Court on July 12, 1930, and because the traverse was filed herein on behalf of Henry Mayhew on the 11th day of July, 1930, one day before the entry of said judgment in the Perry County Court.

"2nd. Because the bond was executed and approved herein by the judge of the county court on the 10th day of July, 1930, two days before the entry of said judgment. . . .

"3rd. Because the judgment attempted to be appealed from was entered herein on the 12th day of July, 1930, in the Perry County Court, and no appeal has been filed in the Perry Circuit Court and no appeal has ever been taken by the defendant, Henry Mayhew, from said judgment, or filed in said Perry Circuit Court, and more than sixty days have now passed since the rendition and entry of said judgment in the Perry County Court.

"Wherefore, it prays judgment, that said appeal for the reasons hereinbefore stated be dismissed, that the bond be quashed, set aside and held for naught, and for all proper relief."

Similar motions were submitted in the several cases.

Mayhew and the other defendants at the same time entered a motion that the cases be docketed for trial. Whilst that motion is indorsed filed October 11, 1930, it recites that it was made after the motion to dismiss had been filed by the corporation. The circuit court sustained the motion to quash the traverse bond and to suspend the stay of restitution in the Perry county court. The present appeals are prosecuted from these orders.

It is argued that when a forcible entry and detainer proceeding is tried before a judge or justice without the intervention of a jury, the losing party has three days, after the judgment is entered and signed, within which to traverse the inquisition, and may not do so before that time. No judgment having been entered on the order book, or signed by the judge, until July 12, 1930, it is

insisted that the traverse and bond filed before that date are premature and invalid.

It is further argued that the filing of the traverse before the clerk of the quarterly court is ineffective since the law requires it to be filed before the judge or justice who tried the case (Civil Code of Practice, sec. 463).

The practice in forcible entry and detainer cases is a creature of the Code, and the procedure provided (Civil Code of Practice, chapter 8, secs. 452-469) is exclusive of all other remedies. Swanson v. Smith, 117 Ky. 116, 77 S. W. 700, 25 Ky. Law Rep. 1260; Berry v. Trice, 179 Ky. 596, 201 S. W. 37. When either party conceives himself aggrieved by the finding of the jury, he may file a traverse thereof, with the judge or justice within three days thereafter. Section 463. The right to traverse the finding of the judge or justice is the same as if a verdict had been rendered by a jury. Civil Code of Practice, sec. 454, subsec. 2. When a traverse is filed and the bond given. as required by section 463 of the Civil Code of Practice, "the judge or justice shall stay all further proceedings on the inquisition, and return the whole of the papers and proceedings, or a fair transcript thereof, to the office of the circuit court of said county, within ten days thereafter." If the traverse bond be defective, the circuit court shall not dismiss it, but should allow a reasonable time to execute a new and sufficient bond, as authorized by section 682 of the Civil Code of Practice. Alderson v. Trent, 79 Ky. 259. Yet if no valid or amendable bond be executed before the judge or justice who heard the case, the traverse should be dismissed. Slaughter v. Crouch, 64 S. W. 968, 23 Ky. Law Rep. 1214; Cox v. Allen 188 Ky. 598, 222 S. W. 932. After the execution of the traverse bond, the justice has no power over the case, except to transmit the record to the circuit court. Reed v. Taylor, 78 S. W. 892, 25 Ky. Law Rep. 1793. The sole and exclusive remedy of the party aggrieved by an adverse finding is to traverse the inquisition. Swanson v. Smith, supra; Berry v. Trice, supra; Burchett v. Blackburn, 4 Bush, 553. The filing of a traverse within three days, as required by the Code, is necessary to give the circuit court jurisdiction in a forcible entry and detainer proceeding. Berry v. Trice, 179 Ky. 594, 201 S .W. 37. The failure of a judge or justice to indorse on a traverse bond or the traverse itself the time of filing affords no ground for a dismissal of the action.

514

Hicks v. Parks, 30 S. W. 202, 17 Ky. Law Rep. 37. And the omission of a judge or justice to return the papers to the circuit court as directed by the Civil Code of Practice (section 463) is not fatal, but may be corrected by subsequent compliance. Wayman v. Taylor, 1 Dana, 527. The duty may be enforced by the circuit court requiring the papers to be sent up, or the interested parties may procure a transcript by paying therefor the price specified and present it in the circuit court, as was done in the present cases. Civil Code of Practice, sec. 462.

In Forsythe v. Huey, 74 S. W. 1088, 1090, 25 Ky. Law Rep. 147, the court said:

"Counsel for appellant also contends that the traverse was not filed in the justice's court within the time required by law. This contention cannot be sustained, as the record shows that the trial in the justice's court occurred April 5, 1902, and that the traverse was filed and bond executed in that court on April 7, 1902. Both of these necessary steps were therefore taken within the three days required by section 463 of the Civil Code.

The filing of a traverse of the inquisition within three days next after the finding of the jury, judge, or justice trying the case is essential to confer jurisdiction upon the circuit court, Civil Code of Practice, sec 463; Burchett v. Blackburn, 4 Bush, 553; Berry v. Trice, 179 Ky. 594, 201 S. W. 37; Martin v. Richardson, 15 S. W. 248, 12 Ky. Law Rep. 804; Ficke v. Covington Savings Bank & Trust Co., 193 Ky. 792, 237 S. W. 662.

The sharp issue now to be decided is whether the traverse must be filed within three days after the completion of the trial, and regardless of the entry or signing of a formal judgment, or must the aggrieved party await the actual entry and signing of the judgment.

In Swartzwelder v. United States Bank, 1 J. J. Marsh, 38, it was said: "The authorities already cited are sufficient to show that the informality of the judgment is unimportant, after a traverse to the circuit court. No writ of restitution can issue from the justice; but must emanate from the clerk's office. The traverse challenges the truth of the inquisition; and we are not sure, that in the circuit court, it would avail the objector, to prove, that there had been no judgment at all on the

inquisition; by traversing, he dispenses with judgment. However, it is not necessary to decide this matter now.''

But in Belcher v. Barrett, 4 Metc. 307, it appears that a motion to dismiss was based upon the ground, among others, that no judgment in conformity with the inquest had been rendered by the justice who presided on the trial in the country. The Court said:

''No judgment, according to the inquisition appears to have been rendered by the justice as required by the Civil Code, section 508; nor was such judgment necessary to enable the appellant to maintain his traverse. For by section 511 (now section 463), 'if either party conceive himself aggrieved by the finding of the jury, he may, file a traverse thereof with the justice,' etc. And moreover, the form of the traverse, as prescribed in the same section, is that 'the plaintiff (or the defendant) saith that the inquisition returned in this cause is not true; wherefore', etc. On this traverse, the traverse is required to join issue in the circuit court, which issue is to be tried by a jury, and judgment given on the verdict as in other cases. It is obvious, therefore that the truth of the inquisition in the country is the only matter involved in the issue to be tried by the jury in the circuit court.

''The provisions of the Code of Practice regulating proceedings in cases of forcible entry and detainer (sec. 500 to 518 inclusive) are a substantial re-enactment of the act of 1810 (1 Stat. Law, 725). And under this statute it was held that the want of a judgment upon the verdict was no ground for dismissing the traverse in the circuit court.''

Cf. Powers v. Southerland, 1 Duv. 151.

In Bishop v. Armstrong, 228 Ky. 250, 14 S. W. (2d) 784, the trial justice had filed a written opinion concluding that the defendant was guilty of the charge, but no judgment had been entered. It was insisted that the circuit court had not acquired jurisdiction. The written opinion was treated by the parties as equivalent to the verdict of a jury, and it was held that the circuit court acquired jurisdiction.

In Robertson v. Donelan, 138 Ky. 148, 127 S. W. 754, 756, Ann. Cas. 1912A, 1280, the aggrieved party made application to the circuit court for a writ of mandamus to compel the justice to enter the judgment he had orally announced at the conclusion of the trial. It was alleged that the justice had announced he would find for the de-

fendant, but upon the same day the trial was held, he changed his mind, and after advising the parties, proceeded to enter a judgment in favor of the plaintiff. Hence the application for a mandamus to control his conduct. The court said: "If the cause is tried before a jury, and they find a verdict, it is the duty of the justice to enter his judgment according to the verdict; but, where, as in the case before the appellee Donelan, the trial is before the justice without the intervention of a jury, while bound to enter some judgment, that officer has the power and discretion to determine what judgment shall be entered, and the entering of the judgment is the culminating act of his exercise of jurisdiction in the case. When entered the judgment becomes the historical and only evidence of what was done and decided in the case, and, until reversed or set aside, it is conclusive of the rights of all the parties to it. While the judicial act of deciding a case must precede the entering of the judgment, and it is in that sense a thing apart from it, the judgment is the record of the judicial act and the official pronouncement of the court upon the issues and questions submitted to its decision, and, because it is such a record, it cannot be impeached by proof of an oral declaration made by the court before its entry expressive of an intention to render a different judgment."

It is apparent that no hard and fast rule, applicable to every situation, could be safely formulated. The purpose of the law is two-fold, and is designed for the protection of both parties. The traverse of the inquisition preserves the right of the traversor to a trial in the circuit court, whilst the traverse bond protects the adverse party and secures indemnity to him, if he is ultimately successful. Civil Code of Practice, sec. 464; Parker v. Smith, 211 Ky. 624, 277 S. W. 986.

The realities of the situation must be dealt with in a reasonable and practical way. Here the trial judge announced his finding orally, and did not change his mind when he came to enter the formal judgment. He accepted and approved a traverse bond, containing a recital of his finding on the inquisition, and of the filing of a traverse.

Such recitals, in the absence of convincing evidence to the contrary, are sufficient to show the facts recited. Wayman v. Taylor, 1 Dana, 528; Burchett v. Blackburn, 4 Bush, 553; Neale v. Sheets, 5 Ky. Law Rep. 121, 127. Moreover, the written traverse in exact conformity to

the directions of the Civil Code of Practice (section 463) appears in the record. No offer was made to prove that it had not been filed as recited in the bond. The notation thereon that the traverse was filed in the office of the clerk of the Perry quarterly court does not disprove the recital in the traverse bond that it was filed with the trial judge.

It is not essential to the virtue or validity of the traverse that it be indorsed filed by the judge or justice. Hicks v. Parks, 30 S. W. 202, 17 Ky. Law Rep. 37. The fact that the county judge in approving the traverse bond inadvertently added the intials of the Perry quarterly court to his signature is not material. Cf. Tolbert v. Young, 172 Ky. 269, 189 S. W. 209. He signed the final judgment in the same way.

The same person serves in both courts, and there is no doubt that the traverse bond was approved by the county judge who tried the case. The judge recognized the fact of the traverse and the validity of the traverse bond, for because thereof he refused to issue a writ of restitution.

If the bonds were now held to be invalid, both parties would be injured and the object of the law would be defeated. The aggrieved parties, without fault on their part, would be deprived of a trial of their traverses in the circuit court, and the company would lose the protection afforded by the bonds for any damage done while it has been kept out of its property. Cf. Maryland Casualty Co. v. Marshall, 226 Ky. 62.

If the county judge had refused to receive the traverse or had declined to approve the traverse bond until the formal judgment was signed, the parties aggrieved could have complied with his ruling; but when he accepted the traverse and approved the bond, although the formal judgment then had not been entered or signed, the substantial rights of all parties were preserved and the object of the law was accomplished. It would be a rigorous rule, indeed, to hold void the papers filed and obligations executed under such circumstances. The policy of the law is to indulge liberal presumptions in favor of the validity of the action of inferior courts when a substantial observance of the requirements of the law is apparent. Powers v. Sutherland, 1 Duv. 152; Tolbert v. Young, 172 Ky. 269, 189 S. W. 209; Taylor v. Monohan, 8 Bush, 238; Hicks v. Parks, 30 S. W. 202, 17 Ky. Law

518

Rep. 37; Check v. Reiter, 102 S. W. 287, 31 Ky. Law Rep. 249.

Complaint is made that since the traverse constituted an appeal to the circuit court, it was necessary for the traversors to pursue the practice prescribed by section 724 and 729 of the Civil Code of Practice, regulating the time and manner of taking appeals to the circuit court from inferior courts. But plainly the point is without plausibility. The remedy provided by section 463 of the Civil Code of Practice in cases of forcible entry and detainer is exclusive, and the time limit of ten days is addressed to the trial judge or justice. Sections 724 and 729 of the Civil Code of Practice have no application to such proceedings. Ficke v. Covington Saving Bank & Trust Co., supra; Swanson v. Smith, supra; Berry v. Trice, supra; Wayman v. Taylor, 1 Dana, 527.

It follows that the circuit court erred in quashing the bonds and in declining to try the traverse upon which issue was joined by the appearance of the parties in the circuit court. Civil Code of Practice, sec. 465; Tolbert v. Young, supra; Check v. Reiter, 102 S. W. 287, 31 Ky. Law Rep. 249.

The judgment in each case is reversed for proceedings not inconsistent with this opinion.