## Citizens Coal Co. v. Foley.

May 23, 1939.

FOWLER & FOWLER for appellant.

R. P. MOLONEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

On June 4, 1938, appellee obtained from Tom G. Mooney, Justice of the Peace of Fayette County, a writ of forcible detainer against appellant seeking to recover

,possession of certain property in the City of Lexington, Kentucky. The writ was duly executed and in due course a trial was had on June 8, 1938, resulting in judgment of guilty of forcible detainer, and the judgment further ordered the Sheriff or Constable of Fayette County to put appellee in immediate possession of the property.

On June 15, 1938, a transcript of the proceedings had in the Justice's Court, including the writ and return thereon, judgment, traverse and bond were filed in the office of the Clerk of Fayette Circuit Court. The bond which appears at the end or last page of the transcript and traverse concludes thus: "Witness our hand this 10th day of June, 1938. Paul Brown, Principal. Newman Brown, Surety." However, the bond or no part of the transcript is marked filed or otherwise endorsed by the justice.

On June 16, 1938, appellee moved the circuit court to dismiss the traverse because (1) the bond given was not approved by the presiding justice of the lower court; (2) the surety on said bond is not qualified; and (3) the traverse was not filed within 3 days as required by law.

The case was tried in the circuit court on June 18, 1938, and the court entered judgment dismissing the traverse, reciting in the judgment that the case was tried in the justice's court on June 8, 1938, and that the traverse was not filed in the office of the clerk of the circuit court until June 15, 1938, and that the record did not show that the surety on the bond had qualified before the justice in the lower court or elsewhere and further that the bond was not approved by the justice or any other officer.

On June 25, 1938, appellant filed a motion in the circuit court to set aside the order entered dismissing the traverse and on July 2 the court overruled the motion and remanded the cause to the justice's court for further proceedings, to which appellant excepted and prayed an appeal to the Court of Appeals which was granted.

Section 463 of the Civil Code of Practice provides that the traverse shall be filed with the judge or justice who tried the case within 3 days after the finding of the jury or justice, and that the justice shall stay all further proceedings on the inquisition, and return the papers

and proceedings to the office of the circuit court of the county within 10 days thereafter.

The trial was had in the justice's court on June 8, and if the traverse was filed or presented for filing with the justice on June 10, as indicated at the end of the bond attached to the traverse and transcript of the proceedings had in the justice's court, it was filed in time with the justice within the meaning of the Code, supra, and the papers and proceedings having been filed in the circuit court on June 15, which was within the ten days allowed under the Code, the circuit court had jurisdiction of the case. However, if the justice had failed to return the papers to the office of the circuit court within the time prescribed by the Code, this would not have constituted a ground for dismissal. That provision of the Code is merely directory and failure of the justice to comply with it cannot prejudice the rights of the traverser. Wayman v. Taylor, 1 Dana 527. The failure of the justice to endorse the time when traverse and bond was filed or presented to him for filing, if they were so presented, was not ground for dismissal and, if the bond was defective, the court should have allowed the appellant reasonable time in which to execute a sufficient bond. Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S. W. (2d) 452.

The determinative question is whether appellant filed or presented to or lodged with the justice for filing the traverse and bond within the time prescribed by the Code. June 10th was in time. The Code makes it the duty of the judge or justice trying the case to return the papers and proceedings, or a transcript thereof, to the office of the circuit court, only if and when a traverse and bond is filed with the judge or justice within 3 days after return of the inquisition. It is not reasonable to presume that the justice would have returned the proceedings to the office of the circuit court unless a compliance with the law was had. The law presumes that officials do their duty, and in a manner prescribed by law. The fact that the justice returned the papers and proceedings to the office of the circuit court is prima facie that the traverse and the bond were presented to him in the proper time and the failure of the justice to mark it filed was an inadvertence or oversight on his part, and, as already noted, afforded no ground for dismissal. The policy of the law is to indulge liberal presumptions in favor of the validity of the action of in-

ferior courts when a substantial observation of the requirements of the law is apparent. Mayhew v. Kentucky Coal Corporation, supra.

The court should have heard proof on the question and if it had been established by the evidence that the traverse had not been filed with the justice within the time prescribed by the Code, the circuit court was without jurisdiction of the traverse and a dismissal would have been proper. But if the traverse was filed in time, the court had jurisdiction of the case and it is not material for the purpose of jurisdiction that the bond may have been insufficient, because, as stated above, the court should have given appellant reasonable time to execute a sufficient bond in that court.

The principles we have enunciated have been adhered to by this court in an unbroken line of decisions as far back as Powers v. Sutherland, 1 Duv. 151, 152, Hicks v. Parks, 30 S. W. 202, 17 Ky. Law Rep. 37, down to the comparatively recent case of Mayhew v. Kentucky Coal Corporation, supra. The first named cases and numerous others are referred to with approval in the last cited case, which we think is conclusive of the present case. Reference to those authorities is sufficient without further elaboration.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.