## Hall's Ex'rs v. Robinson et al.
Oct. 16, 1942.

Marcus C. Redwine for appellants.

William Hays for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

In the year 1904, Mrs. Sally S. Hall, the owner of twenty-three acres of land on the outskirts of Winchester, entered into a written contract with Thomas H. Robinson pursuant to which the latter was to handle, control and cultivate the land and sell it on terms agreeable to the parties. Mrs. Hall was to be paid six per cent on the original cost of the land, which was $2,875, and the residue of profits, if any, was to be equally divided between the parties. As the land was sold off the proceeds were to be applied to reimburse Mrs. Hall for the original investment and cost of improvements and the residue realized from sales was to be equally divided between the parties. The contract was to be in effect until all property was disposed of unless terminated by mutual consent.

Mrs. Hall died in the year 1933, and at that time all but ten acres had been sold. Robinson continued in possession of the land until his death in 1940, but no land was sold subsequent to Mrs. Hall's death. After Robinson's death his widow and son continued in possession of the ten acres. It appears that Robinson was indebted to Mrs. Hall in the sum of $375 under the terms of the contract. The ten acres of land in controversy is valued at approximately $1,500.

In February, 1941, the appellant, William H. Hall, made affidavit that he was the son, an heir at law, and executor of Mrs. Sally S. Hall and that the ten acres of land was forcibly detained from her estate. This affidavit was endorsed filed by the quarterly court clerk. Pursuant to the affidavit a warrant of forcible detainer was issued, the name of the county judge being signed thereto by the quarterly court clerk. Inquisition was held by the county judge, the appellees were found guilty and restitution was adjudged. This judgment was rendered April 21, 1941. The cause was captioned and proceeded in the name of William H. Hall and Howard Curtis, executors of Sally S. Hall. A traverse was filed on April 23, the filing being endorsed by the quarterly court clerk. A traverse bond appears in the record also endorsed filed by the quarterly court clerk, but no order

approving the bond appears in the record and there is no endorsement of approval thereon by the county judge.

Upon the traverse being docketed in the circuit court appellants filed a motion to dismiss based on numerous grounds. This motion was overruled and upon trial a verdict was directed in appellee's favor. From the judgment entered on that verdict this appeal is prosecuted.

It is now contended that the trial court should have dismissed the appeal because the traverse, purporting to have been filed in the county court, was not endorsed filed by the county judge and, also, because the purported traverse bond was neither filed in the county court nor approved by the county judge. Upon a hearing of the motion to dismiss the county judge was called as a witness and testified that he approved the traverse bond when it was filed although he failed to endorse his approval thereon.

We see little in the argument that the appeal should have been dismissed because the traverse was endorsed filed only by the clerk of the quarterly court. The very affidavit upon which the warrant of forcible detainer was based was filed by appellants in the same manner, that is, it was endorsed filed by the clerk of the quarterly court, and the warrant itself was issued in the name of the county judge by the quarterly court clerk. In addition, both sides treated all pleadings and papers endorsed filed by that clerk as if they had been filed by the county judge himself. In these circumstances, appellents should not now be permitted to question the validity of such filing. Further, it is not essential to the validity of the traverse that it be endorsed filed by the judge. Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S. W. (2d) 452. In that case it was also held that the fact that the county judge in approving a traverse did so as judge of the quarterly court was immaterial.

A more difficult question is presented as to the contention that the traverse should have been dismissed in the circuit court because the record shows no approval of the traverse bond by the county judge. Section 463 of the Civil Code of Practice, regulating the manner of traversing a forcible detainer judgment, provides for the filing of the traverse within three days after the finding and further provides that the parties filing the

traverse "shall also, within the same time, before said judge or justice, give bond with sufficient surety, to be approved by the judge or justice." The concluding sentence of this section of the Code provides that upon the filing of the traverse and approval of the bond the judge or justice shall stay all further proceedings and return the papers or a transcript thereof to the office of the circuit clerk within ten days. By Section 465 of the Code the circuit clerk dockets the traverse and it stands for trial as docketed.

It is settled beyond dispute that if a bond (including an appeal bond) is required to be executed before a particular offiicer or to be approved by him, it must be so executed or approved else it will be considered no bond at all and will not be effective to accomplish the purpose for which it was executed. Milliken v. Hatter, 177 Ky. 31, 197 S. W. 511; Ford v. Com., 3 Dana 46; Hardin v. Owens, 1 Bibb 214; 4 C. J. S., Appeal and Error, Section 556, page 1019. It is generally held, however, that the approval required by a statute need not be evidenced by an endorsement on the bond, it being suffcient if the record shows acts raising a presumption of approval. 4 C. J. S., Appeal and Error, Section 558, page 1021. Similarly, the failure of the judge or justice to endorse "filed" on a traverse or a traverse bond affords no ground for dismissal, Hicks v. Parks, 30 S. W. 202, 17 Ky. Law Rep. 37; Mayhew v. Kentucky River Coal Corporation, supra.

We think the cases of Stilwell v. Harris, 1 A. K. Marshall 342, and Citizens Coal Company v. Foley, 278 Ky. 573, 129 S. W. (2d) 131, are conclusive against appellants on this contention. In the former case, where the justice before whom the inquest was held returned to the circuit court a bond purporting to have been delivered when the traverse was filed, it was held, without discussion, that the circuit court should not have dismissed the traverse although the record returned by the justice did not show that the bond was executed before the justice or approved by him. In the latter case it was held that since the Code requires the justice to return the papers and proceedings to the circuit court upon the filing of a traverse and bond within the requisite time, the action of the justice in making such a return to the circuit court creates a prima facie presumption that the traverse and bond were filed

before him within the requisite time and failure of the justice to endorse them as filed afforded no ground for dismissal. It was further held that proof should have been heard on this question and the appeal dismissed if it appeared the traverse was not filed in time. Since the county judge in the instant case returned the proceedings to the circuit court, a like presumption must be indulged, namely, that the county judge performed his duty and made this return only after the bond was approved by him and, since no showing to the contrary was made by appellants, the motion to dismiss was properly overruled. As a matter of fact, the only showing on this point was by the appellees to the effect that the bond was in fact approved.

Coming now to the merits of the case, it is insisted by appellants that the trial court was in error in directing a verdict of not guilty for appellees. We think this action of the trial court was clearly justified for two reasons, the first being that appellants established no right in themselves to maintain this character of action. There was no showing as to whom title to land owned by Mrs. Hall vested in. Title to land ordinarily vests in executors only when there is a devise to them and in the absence of such a devise the executors have neither title nor right to its possession. In Prewitt v. Durham's Ex's, 21 Ky. 17, 5 T. B. Mon. 17, it was expressly held that executors cannot maintain an action of forcible detainer unless they have a vestiture of title. In the case before us neither title nor right of possession in appellants was established and clearly they had not right to maintain the action.

Further, no rule is more firmly established in the law of forcible detainer in our jurisdiction than the rule that in order to maintain an action of forcible detainer the relation of landlord and tenant must exist. Citation of authority on this point is superfluous. In the instant case it is clear that the relation of landlord and tenant did not exist. Under the facts appearing in evidence, Thomas H. Robinson was more than a mere tenant. He was holding under the contract which gave him an equitable interest in the property. Under that contract thirteen acres of the property had been sold and all payments due Mrs. Hall under the contract apparently had been made and it appears only that Robinson owed her $375. However, he was entitled to one-half of the amount

to be realized from sale of the remaining ten acres. The relationship between him and Mrs. Hall was far higher than that of mere landlord and tenant and the rights between him and Mrs. Hall were not subject to determination in a forcible detainer action, a summary proceeding provided by the Code to restore to a landlord premises unlawfully detained by a mere tenant. The wife and son of Thomas H. Robinson, the appellees herein, were not holding as tenants but under the contract and forcible detainer did not lie against them any more than it would have lain against Thomas H. Robinson. The trial court correctly directed a verdict in behalf of appellees.

Complaint is also made as to errors in rejecting competent evidence offered by appellants but the conclusions enunciated render a discussion of these alleged errors unnecessary. Avowals were made following the rejection of such evidence, and it clearly appears that had all such evidence been admitted it could have had no effect on the ultimate result—the excluded evidence, if admitted, would have had no real bearing on the case and would in no wise have operated to detract from appellees' right to a directed verdict. Such errors, if made, were not prejudicial to appellants' substantial rights and do not warrant a reversal.

Judgment affirmed.