**WILSON v. LEFTWICH.**

Court of Appeals of Kentucky.
May 11, 1951.

Marcus C. Redwine, Winchester, for appellant.

Marshall A. Dawson, Versailles, for appellee.

LATIMER, Justice.

Proceedings in this action began in the Woodford County Court in June, 1950.

Appellant, Wilson, was a tenant on appellee's farm apparently by reason of a contract or lease which had previously been executed between them. This contract or lease is not a part of the record here. Some dispute arose between appellant and appellee, resulting in notice to appellant on May 16, 1950, to quit the premises on or before June 19, 1950.

On June 19th a writ of forcible entry and detainer summons was served on appellant, to be answered on June 27th. On the latter date, the case was continued until June 29th when a further continuance was granted until July 3rd. When the case was called for trial on July 3rd, defendant again filed motion for a continuance which was overruled. Judgment was then entered by the county judge. Appellant claims that on July 6th he filed a traverse and executed a bond in the office of the county judge of Woodford County. The traverse and bond are marked filed as of July 7, 1950.

Appellee filed motion to dismiss the appeal to the circuit court, because the traverse was not filed within three days after the rendition of the judgment and because the bond was not executed within the same time nor made before the county judge. This motion was sustained and an order was entered dismissing the appeal.

Appellant filed two separate motions and grounds for a new trial by separate attorneys. On the following day an agreed order was entered overruling motion and grounds for a new trial and granting appellant an appeal to this court.

Appellant cites numerous grounds for reversal, most of which go to alleged errors in the County Court. Obviously we cannot consider such here as the only question presented to us on this appeal is the correctness of the order dismissing the traverse to the Circuit Court.

We shall consider the contentions with respect to the traverse and the traverse bond separately. 463 of the Civil Code of Practice prescribes the time and manner for the filing of a traverse and a traverse bond. On the motion to dismiss it was insisted that the traverse was not filed within three days in accordance with the Code provision.

Appellant takes the position that within the prescribed time he went to the county judge's office and there left the traverse and the traverse bond in the hands of the person in charge of the office. It is insisted that this is sufficient. We readily agree that this was sufficient as to the traverse. We call attention to Brock v. Ettin, 303 Ky. 225, 197 S.W.2d 256, wherein a traverse to the circuit court was filed with the county judge who did not enter same of record within the three days prescribed by the Code. Motion was made to dismiss the appeal because of this failure. We held that the court properly overruled the motion and in support thereof cited Fields Motor Co. v. Sturgill, 279 Ky. 47, 129 S.W.2d 1003, wherein a like contention was overruled. In the opinion we quoted from the case of Commonwealth v. O'Bryan, Utley & Co., 153 Ky. 406, 155 S.W. 1126, 1128: "In modern times it is usually held that a paper is filed on behalf of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof and paid the fees for filing, if any are required." See also Hall's Ex'rs v. Robinson, 291 Ky. 631, 165 S.W.2d 163.

Appellee next insists that the bond as given was void because it was not executed before the county judge who heard the case. Appellee contends that the Code requirement that the bond be executed "before said judge" is mandatory; and that

since the judge was absent from his office when the bond was presented, and not having been made before the judge, the bond was void. The affidavit of the judge shows that the bond was not made before him but that he approved it and marked same filed on July 7th which was at the same time that the traverse was marked filed. In support of the contention that the bond was void Cox v. Allen, 188 Ky. 598, 222 S.W. 932, 934, is cited. It was held there that the bond was void because it was not made before the county judge. However, it will be noted that the bond was made before the judge pro tem. who at the time of approving the bond was in fact not a judge pro tem. as the regular judge was in the county. It was said: "To construe the section as the county judge did in this case would result in having two or more county judges in the same county at the same time, but only one of whom was chosen by the people as provided by law. They might perchance be making contradictory orders concerning the same matter at the same time, and thus not only obstruct the orderly administration of the office, but create endless confusion. We therefore conclude that W. W. Williams, the supposed county judge pro tem., had no more authority to approve or accept the supposed bond in this case (waiving the defect of accepting cash instead of personal security) than would any loafer who might have been in the office of the county judge at the time; for it is shown that the county judge was neither absent from the county nor for any cause unable to attend to the duties of his office, or to discharge the particular duty of taking and accepting the bond in this case, he being well and at his residence but a short distance from the courthouse."

Thus, we see the rule therein would not be applicable in this case. The young lady with whom the traverse and the traverse bond were left in no way undertook to approve and accept the bond. Same was filed with her and left with her as a person in charge with directions to have the judge approve same when he came in. The judge did approve the bond and marked same filed on the following day. Had the judge been present in person at the time he could have done no more than he did, namely, approve the bond.

■ In Citizens Coal Co. v. Foley, 278 Ky. 573, 129 S.W.2d 131, 132, proceedings had in the Justice's Court were passed on with the appeal to the Circuit Court. The Justice had failed to endorse the time when the traverse and bond were filed or presented to him for filing. Motion was made to dismiss the traverse on the ground that (1) the bond given was not approved by the presiding justice of the lower court; (2) the surety on said bond is not qualified; and (3) the traverse was not filed within 3 days as required by law. We held that the court should have heard proof on the question as to whether or not appellant filed or presented to or lodged with the Justice for filing the traverse and bond within the time prescribed by the Code. We said: "The policy of the law is to indulge liberal presumptions in favor of the validity of the action of inferior courts when a substantial observation of the requirements of the law is apparent."

We further said: "The failure of the justice to endorse the time when traverse and bond was filed or presented to him for filing, if they were so presented, was not ground for dismissal and, if the bond was defective, the court should have allowed the appellant reasonable time in which to execute a sufficient bond. Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S.W.2d 452."

The affidavits on behalf of appellant show the bond to have been left with the person in charge of the judge's office within the prescribed time. The judge approved this bond.

■ We conclude therefore that there was a substantial meeting of the requirements of the law relative to the filing of the traverse and the traverse bond, and the court erred in dismissing the traverse on the grounds that same was not filed within three days. To hold otherwise would allow the absence of the judge, accompanied with failure to have a judge

pro tem. appointed, to defeat an honest and deserving attempt to traverse. Such could give rise to an ugly situation.

The judgment is reversed for proceedings consistent with this opinion.