Bobby Joe CONN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1965.

Joe P. Tackett, Prestonsburg, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Harold Stumbo, Commonwealth Atty., Prestonsburg, for appellee.

WILLIAMS, Judge.

Appellant Bobby Joe Conn was found guilty of transporting alcoholic beverages for the purpose of sale in dry territory and his punishment was fixed at a fine of $100.00 and confinement in the county jail for 30 days. He appeals.

Appellant was stopped by a state policeman on a routine check for operator's license. He had his operator's license in his possession but did not have the registration receipt for the truck he was driving. Consequently, the officer issued a citation which directed appellant to appear before the county judge later in the day.

The state policeman requested and was refused permission to search the truck. Appellant was then taken before the county judge pro tem who issued a search warrant, by which authority the officer searched appellant's truck and found 63 cases of beer. The regular county judge testified at the trial that he was in the county at the time the county judge pro tem issued the search warrant.

Appellant maintains that a search warrant issued by a county judge pro tem at a time when the county judge is in the county is invalid, and any evidence obtained by reason of the search thereunder is incompetent and should not be allowed to go to the jury. The Commonwealth admits that is the law, which indeed it is. Slone v. Commonwealth, Ky., 377 S.W.2d 51; Cox v. Allen, 188 Ky. 598, 222 S.W. 932.

Moreover, no probable cause for issuing a search warrant or for making an arrest on the charge of transporting alcoholic beverages for sale in dry territory existed prior to the time the search warrant was issued. So, even had the county judge been absent from the county, the search would have been improper for this additional reason.

The trooper did not arrest appellant when he stopped him. He issued a citation. A peace officer is authorized by KRS 431.015 to issue a citation instead of making an arrest for a misdemeanor committed in his presence if there are reasonable grounds to believe that the person being cited will appear to answer the charge. A citation is not an arrest; consequently, a search is not permitted upon the issuance of a citation, even though in some instances it is permitted upon an arrest. See Cecil Lane v. Commonwealth, Ky., 386 S.W.2d 743, decided November 25, 1964.

The judgment is reversed.