## Kidd v. Layne.

(Decided June 12, 1934.)

HILL & HOBSON for appellant.
W. C. GOBLE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

On the day that C. A. Kidd was adjudged by the acting county judge of Floyd county to be guilty of forcible detainer, under complaint lodged by Joe Layne, he filed in the quarterly court, where the proceeding was tried, a traverse and bond in the manner and form prescribed by section 463, Civil Code of Practice. The bond, signed by a surety company, was duly accepted and approved on that day. Thereupon it became the duty of the county judge to stay all proceedings and to return the original papers to the office of the circuit court clerk within ten days thereafter. This was on January 7, 1933. However, the record was not trans-

mitted until May 1st or about four months thereafter. The next day Kidd tendered and offered to file in the circuit court an elaborate answer to the charge of forcibly detaining the property involved  On June 19th Layne filed a motion to dismiss the traverse and the proceedings upon the ground that no legal traverse was filed in the quarterly court and no bond was approved within three days of the trial, and because no traverse was taken at all until some three months after the trial. His affidavit filed in support of the motion stated that the traverse and bond were not filed until May 1, 1933. This was refuted by the record.  At least, the indorsement on the documents in this record show that the traverse was filed and the bond accepted and approved on January 7, 1933, and the affidavit of the acting county judge sustains that indorsement.  He further stated in that affidavit that before the papers could be transmitted to the circuit clerk they were misplaced in the county judge's office and not found until May, 1933, although the defendant and his attorney had made numerous searches for the record, including the traverse and the bond, and when they were found they were immediately delivered to and filed in the circuit court clerk's office.

The judgment of the circuit court dismissed the proceedings upon the ground that the traverse was not filed in that court until May 1st, "which is not within ten days after the trial nor a reasonable time thereafter."  The appeal is from that order of dismissal.

It is to be noted that the motion for a dismissal was not rested upon that ground.  The delay in filing the papers in the circuit clerk's office was thereby waived.  The record shows that the traverse and bond were in due time properly filed where the Code requires them to be filed; that is, in the court where the writ was tried and not in the circuit court.  Civil Code Prac. sec. 463; Burchett v. Blackburn, 67 Ky. (4 Bush) 553.  But even though the question of time in returning the papers to the circuit court had been raised, we are of opinion that under the circumstances it should not have been sustained.  In the early case of Wayman v. Taylor, 31 Ky. (1 Dana) 527, it was held that the directions to the trial justice to return the papers to the circuit court within ten days was directory, and that the rights of litigants should not be affected by his negligence in failing to do so within the stipulated period.  The delay is

44 

not a ground for dismissing the traverse. See to the same effect, Tennelly v. Ross, 14 Ky. Law Rep. 48; Hicks v. Parks, 30 S. W. 202, 17 Ky. Law Rep. 37. The practice in cases of forcible entry and detainer is exhaustively treated in Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S. W. (2d) 452.

Under the facts disclosed in this record, the circuit court erroneously dismissed the proceedings.

The judgment is reversed.