## GRAY et al. v. HOLBROOKS.

Court of Appeals of Kentucky.
March 14, 1952.

----◆----

H. B. Noble, Hazard, for appellants.

William Melton, Hazard, for appellee.

MILLIKEN, Justice.

The sole question in this case is whether the trial judge was correct in dismissing an appeal to his court from a magistrate's court for lack of jurisdiction on the ground that bond was not executed before the magistrate within three days of the verdict, as required by Section 463 of the Civil Code of Practice.

The original action was a writ of forcible detainer brought by the appellee, Basil Holbrooks, against the appellants, Zack Gray, et al. The case was tried in a Perry County justice's or magistrate's court on October 11, 1950, and a verdict was returned for Holbrooks. On the same day, the appellants, Gray, et al., attempted to traverse the judgment by filing a copy of it with the clerk of the Circuit Court and executing bond with that officer. Two days later, on October 13, the appellants apparently became cognizant of their procedural mistake and filed their formal traverse with the magistrate, which they should have done in the first place, but failed to execute the traverse bond before him as required by Section 463 of the Civil Code.

On October 15, Holbrooks, claiming the traverse bond was not executed in conformity with the Civil Code of Practice, Section 463, filed an application for a writ of restitution of his property. After the magistrate indicated that he was going to permit the appellants to give bond, Holbrooks obtained a temporary injunction from the Circuit Court. Nevertheless, the magistrate approved appellants' traverse, and sent the record to the Circuit Court. Holbrooks then filed a motion in the Circuit Court to dismiss the appeal, and the Circuit Judge dismissed it for lack of jurisdiction.

Appellants admit that no bond was filed with the magistrate's court within three days of the verdict, but claim they were mislead into believing that the bond should be filed with the Circuit Court Clerk, and appellants, of course, did file it there. They now claim that they should not be out of court because they made a mistake in good faith.

The procedure for appeal from a magistrate's court to the Circuit Court is set out in Section 463 of our Civil Code of Practice, which reads: "If either party conceive himself aggrieved by the finding of the jury, he may file a traverse thereof with the judge or justice, within three days next after the finding aforesaid, * * * and shall also, within the same time, before said judge or justice, give bond with sufficient surety, to be approved by the judge or justice, to his adversary, * * *."

In this case a traverse was filed with the magistrate within the requisite time, but the bond in support of it was not filed with him within that time. Where bond is not executed with a magistrate within three days of the verdict, there can be no appeal to the Circuit Court. Mayhew v. Kentucky River Coal Corp., 238 Ky. 509, 38 S.W.2d

452. As stated in Ficke v. Covington Savings Bank & Trust Co., 193 Ky. 792, 237 S.W. 662: "It is a universally accepted doctrine, and applied in all cases of appeals, that the right of appeal from the judgment of a trial court is not an inherent or constitutional right, but is a matter of grace of the Legislature, and, if one would take advantage of the right of appeal, he must comply with the conditions upon which the right is granted to him by the Legislature."

The judgment is affirmed.